■ ROBERT L. CLARKE et al., Respondents, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant. — In an action to recover under a homeowner's insurance policy, defendant appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Vitale, J.), dated September

26, 1980, as granted plaintiffs' motion to "supplement" the first cause of action of their complaint, and (2) from a further order of the same court, dated December 16, 1980, which denied defendant's motion for leave to reargue. Appeal from the order dated December 16, 1980 dismissed, without costs or disbursements. No appeal lies from the denial of a motion to reargue. Order dated September 26, 1980 affirmed insofar as appealed from, without costs or disbursements. Plaintiffs' time to serve the amended complaint is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. Special Term did not abuse its discretion in granting plaintiffs' motion for leave to "supplement", or more properly "amend", their first cause of action, in accordance with CPLR 3025 (subd [b]). That court could properly conclude that defendant would not be prejudiced by the amendment since, by defendant's own admission, its representative did observe the conditions which form the basis for plaintiffs' claim of damage caused by vandalism. Moreover, plaintiffs do not seek to increase the damages sought by the proposed amendment. We reject defendant's argument that the claim sought to be added by the amendment is time barred. The original complaint, which included an allegation that plaintiffs' house was allowed to remain in a condition that was an "open invitation to vandalism and additional damage", gave notice of the "transactions, occurrences, or series of transactions or occurrences" to be proved pursuant to the amended complaint, within the meaning of CPLR 203 (subd [c]). Accordingly, pursuant to that same provision, the claim asserted in the amended pleading relates back to the date upon which the summons and original complaint were served and is timely interposed. Hopkins, J. P., Rabin, Margett and Bracken, JJ., concur.