■ NICOLETTA KURNITZ et al., Appellants, v JOHN CROFT, Defendant, and JOHN LALLI et al., Respondents. — In a medical malpractice action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County (Composto, J.), dated May 10, 1982, which granted the motion of respondents Lalli and Osteopathic Hospital Clinic of New York, Inc., to quash plaintiffs' supplemental bill of particulars dated March 4, 1982 and denied plaintiffs' cross motion to amend paragraph 12(e) of their further bill of particulars dated November 20, 1977, or, in the alternative, for leave to serve said supplemental bill of particulars. Order reversed,

without costs or disbursements, motion to quash denied and cross motion insofar as it is for leave to amend paragraph 12(e) of plaintiffs' further bill of particulars granted in accordance herewith, on condition that plaintiffs' attorney personally pay the sum of $250 to each of the respondents within 10 days after service upon him of a copy of the order to be made hereon, with notice of entry. In the event that such condition is not complied with, order affirmed, with $50 costs and disbursements. Leave is granted to respondents to conduct such further discovery as they deem appropriate related to plaintiffs' claim for lost earnings and pension benefits, said discovery to be completed within 60 days after compliance by plaintiff's attorney with the condition that he personally pay each of the respondents $250. Trial Term correctly held that plaintiffs could not supplement their bill and further bill of particulars, as of right, pursuant to CPLR 3043 (subd [b]) with a new claim of special damages in the form of lost earnings and lost pension benefits due to plaintiff Nicoletta Kurnitz' early retirement. Plaintiffs' original bill of particulars dated March 24, 1977, and their further bill of particulars dated March 24, 1977, and their further bill of particulars dated November 20, 1977, in effect denied the existence of any claim for special damages in the form of lost earnings. The alleged loss of earnings began in January, 1974 and continued until January, 1979, at which time plaintiff Nicoletta Kurnitz reached retirement age and the alleged loss of pension benefits began. The loss of earnings must have been apparent well before the commencement of the action in March, 1976. Therefore, these cannot be considered "claims of continuing special damages and disabilities" which can be asserted, as of right, pursuant to CPLR 3043 (subd [b]) to update allegations of special damages previously asserted in a plaintiff's original bill of particulars. Trial Term, however, erred in denying plaintiffs' cross motion for leave to amend paragraph 12(e) of their further bill of particulars to include the new lost earnings and pension benefits claim as set forth in the proposed supplemental bill of particulars, dated March 4, 1982. The fact that leave was sought more than a year after the note of issue and statement of readiness were filed is not determinative. Generally, courts have allowed amendments to pleadings and bills of particulars, even at or after trial, absent proof of actual prejudice to the other party (see *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18; *Murray v City of New York,* 43 NY2d 400). Respondents request discovery related to these new claims, should leave to amend be granted. Whatever prejudice may have been caused by plaintiffs' delay in moving to amend their bill of particulars can be eliminated by granting leave to respondents to undertake and expeditiously complete discovery relating to the new lost earnings and pension benefits claim (see *Sparke v McGuire,* 81 AD2d 861). It should be emphasized that although the lack of prejudice to respondents warrants the granting of leave to plaintiffs to amend their previously served further bill of particulars, we consider the delay of plaintiffs' attorney, in moving to amend, to have been inordinate and inexcusable. Accordingly, we have conditioned the granting of plaintiffs' cross motion to amend upon payment of $250 by plaintiffs' attorney personally to each of the respondents. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.