■ WILLIAM MARCH et al., Respondents, v ST. VOLODYMYR UKRANIAN CATHOLIC CHURCH, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered May 7, 1985 in Sullivan County, which denied defendant's motion to strike certain items of special damages set forth in plaintiffs' supplemental bill of particulars and granted plaintiffs' cross motion to amend the complaint.

Plaintiff William March (hereinafter plaintiff), a self-employed contractor, was in the course of performing work pursuant to a contract with defendant when he fell from the roof of a structure on defendant's property and sustained serious injuries which prevented his return to work. Plaintiff and his wife commenced this personal injury action. The complaint alleged that as a result of the negligence of defendant, plaintiff "was caused to sustain serious and permanent injuries * * * [and] lose substantial periods of time from his normal vocation and activities".

In a verified bill of particulars, plaintiff asserted that he had been continuously absent from work since the accident on October 3, 1980. At an examination before trial (EBT), plaintiff testified that he had not worked since the accident and indicated his intention to claim lost income as an element of his damages. Counsel for the parties agreed at this EBT that plaintiff's attorney would furnish defendant's counsel with plaintiff's Federal income tax returns for the taxable years 1978, 1979 and 1980. Upon completion of discovery, the case was placed on the Trial Calendar by service of a note of issue and statement of readiness on or about April 30, 1984.

In December of 1984, plaintiff served a supplemental bill of

particulars which detailed lost earnings to date and future lost earnings. Plaintiff also alleged a claim for damages due to the forced sale of rental property. Defendant then moved to strike the supplemental bill as "improper and immaterial". Plaintiff cross-moved to amend the complaint to add the words "and earnings" to his claim for lost time from work. Special Term denied defendant's motion to strike and granted the cross motion to amend the complaint. This appeal followed.

Defendant first contends that it was error to permit amendment of the complaint on the ground that plaintiff failed to submit an affidavit demonstrating the reason for the delay in moving to amend and showing that the amendment was meritorious. Defendant also argues that amendment would be futile since the claim would be barred by the Statute of Limitations. We disagree.

Special Term properly granted plaintiff leave to amend the complaint to assert claims for prior and future lost earnings. CPLR 3025 (b) provides that "[a] party may amend his pleading * * * at any time by leave of court" and that "[l]eave shall be freely given upon such terms as may be just". The purpose of CPLR 3025 (b) is to ensure that the controversy before the court is fully resolved (see, De Forte v Allstate Ins. Co., 66 AD2d 1028). Leave to amend should be freely granted absent prejudice or surprise which directly results from the delay (see, Sheppard v Smith Well Drilling & Water Sys., 102 AD2d 919). CPLR 203 (e) permits the amended pleading to "relate back", for Statute of Limitations purposes, to the time when the original pleading was served, provided the initial pleading gave notice of the transaction or occurrence from which the amended claim arose (see, Clarke v Government Employees Ins. Co., 83 AD2d 570, 571).

An affidavit of reasonable excuse for any delay and of merit is generally required before leave to amend a pleading will be granted (see, Anos Diner v Pitios Gourmet, 100 AD2d 948, 949; Perricone v City of New York, 96 AD2d 531, 533, affd 62 NY2d 661). But in this case, in view of the allegations of the complaint, the bill of particulars and the EBT, including the stipulation to provide verification of lost income, the purpose of such an affidavit has been fulfilled and a formal affidavit is not necessary. Additionally, merely because defendant, by reason of the amended complaint, is exposed to an increased amount of damages is not sufficient to sustain a claim of prejudice (see, Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23). Thus, the complaint adequately informed defendant of plaintiff's intention to pursue a claim for lost earnings.

The amended complaint therefore "relates back" to the time the initial complaint was served under CPLR 203 (e) and the mere increase in the amount of damages claimed is not prejudicial to defendant.

Defendant's argument that Special Term incorrectly refused to strike plaintiff's supplemental bill of particulars is, in part, well taken. Insofar as the lost earnings aspect of the supplemental bill is concerned, there was no showing of prejudice to defendant. Defendant had notice of the claim and was afforded discovery as to that item of damage. However, as to the claim of loss of income from the forced sale of rental property, a different result obtains. Defendant was not given notice of this item of damage in the complaint or bill of particulars. This item of loss was first asserted in the supplemental bill some seven months after the note of issue and statement of readiness were served. No reason for this delay was set forth by plaintiff in an affidavit. Judicial discretion in allowing such an amendment should be "discreet, circumspect, prudent and cautious" *(Symphonic Elec. Corp. v Audio Devices,* 24 AD2d 746; accord, *Eggeling v County of Nassau,* 97 AD2d 395). In these circumstances, we conclude that Special Term abused its discretion in refusing to strike so much of the supplemental bill as asserts a claim for the forced sale of rental property. The order of Special Term should be modified to strike that aspect of the supplemental bill.

Order modified, on the law and the facts, without costs, by striking so much of the supplemental bill of particulars as asserts a claim for the forced sale of rental property, and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Mikoll, and Levine, JJ., concur.