■ In the Matter of Sara X. Constance Bennett, Appellant; Audley X. et al., Respondents. (Proceeding No. 1.) In the Matter of Susan X. Constance Bennett, Appellant; Audley X. et al., Respondents. (Proceeding No. 2.)—In two child abuse and neglect proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Nassau County (Collins, J.), dated November 26, 1984, which, after a fact-finding hearing, granted the respondents' motion to dismiss the petitions.

Order reversed, on the law and the facts, without costs or disbursements, the petitioner is granted leave to serve amended petitions to conform to her proof at the fact-finding hearing, and matter remitted to the Family Court, Nassau County, for a new fact-finding hearing and determinations based on the amended petitions. The petitioner's time to serve the amended petitions is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry.

The petitioner, the Assistant Director of Children's Protective Services of the Nassau County Department of Social Services, commenced the instant proceedings by petitions, dated February 3, 1984, which alleged, inter alia, that Sara X., who was then aged five, and her sister Susan X., then aged eight, had been the victims of sexual abuse. The petitioners

further alleged that their father, respondent Audley X., and his paramour, respondent Barbara Y., with whom the children resided, "refused to believe the act had occurred and refused to cooperate in planning for adequate protection [of these children]".

Subsequent to the filing of the petitions, an emergency removal hearing was conducted and, at its conclusion, the Family Court ordered that the children be removed from the respondents' home and placed in the temporary custody of their natural mother.

It was thereafter established at a fact-finding hearing that on or about January 25, 1984, the children's father left them in the care of his paramour's 14-year-old son, Riccardo, who not only bathed and fed the children, but also sexually abused the younger one. Sara X. subsequently informed her mother of this fact and a cursory examination by the mother of the child's vaginal area tended to confirm that the information conveyed by Sara had indeed been accurate. Sara was immediately taken to a hospital which subsequently contacted Children's Protective Services. The testimony elicited at the hearing further disclosed that these children had previously been sexually molested by their father's 12-year-old nephew, while they were in the custody of their father.

The Family Court, at the close of the petitioner's case, dismissed the petitions on the ground that the petitioner had failed to establish a prima facie case of abuse or neglect. With respect to the act of sexual abuse perpetrated by Riccardo, the court concluded that the petitioner had failed to prove that "either Respondent had any knowledge or a suspicion of a propensity on the part of Riccardo to harm the children". As concerns the previous episode of sexual abuse which had been perpetrated by the children's cousin, the Family Court similarly held that the record was devoid of proof that the respondents knew or should reasonably have known that the children's physical, mental or emotional welfare would be jeopardized by their cousin.

A finding of neglect or abuse cannot be sustained in the absence of evidence that the parent or guardian knew or should reasonably have known that the child was in imminent danger of becoming a victim of sexual abuse or any other form of physical, emotional or mental impairment (see, Matter of Victoria SS., 108 AD2d 989; Matter of Katherine C., 122 Misc 2d 276). There must be a "willful omission in the protection of children by individuals legally responsible for their care" (see, Matter of Ruth L., 126 Misc 2d 1053, 1058; emphasis supplied).

While we cannot find fault with the Family Court's conclusion that "the petitioner has failed to prove that there was objective evidence available to the Respondents * * * which should have prompted more adequate protective measures" at the time the petition was filed, we find it necessary to point out that at the fact-finding hearing a caseworker from the Department of Social Services indicated that the respondent Audley X. had allowed his daughters to sleep in the same room as the cousin who had previously victimized them. It appears that the respondents further permitted Riccardo to visit with the girls although they were fully aware of the pending petitions and the charges specified therein.

Evidence that the respondents knowingly allowed these events to occur might well require a finding of neglect. However, since this alleged incident occurred subsequent to the filing of the petitions and the allegations were not properly pleaded, the petitioner is hereby granted leave to serve amended petitions to conform with her proof, and the matter is accordingly remitted to the Family Court, Nassau County, for further proceedings consistent herewith. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.