GARY PEARCE, Appellant, v BOOTH MEMORIAL HOSPITAL et al., Respondents.—In an action to recover damages for medical malpractice, the plaintiff appeals (1) from so much of an order of the Supreme Court, Queens County (Beerman, J.), dated May 3, 1988, as denied his motion for leave to amend his bill of particulars so as to include a claim for damages to compensate for custodial, supervisory and housekeeping care, and (2) from so much of an order of the same court dated August 30, 1988, as upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated May 3, 1988, is dismissed, as that order was superseded by the order dated August 30, 1988, made upon reargument; and it is further,

Ordered that the order dated August 30, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

This action is premised on generally stated acts of malpractice which allegedly occurred in 1979. Neither in the original bills of particulars served in 1982 nor in an amended bill served in 1984, the year the note of issue and statement of readiness were filed, did the plaintiff allege as items of special damage the cost of custodial, supervisory and housekeeping care. It was not until November 1987 after jury selection was aborted and adjournments granted, that the plaintiff at-

tempted to serve what he labeled a "supplemental bill" which included a $3,000,000 special damage claim for custodial, supervisory and housekeeping care from 1979 to the present. When the defendants rejected the "supplemental bill", the plaintiff unsuccessfully sought leave to amend his bills of particulars so as to include that $3,000,000 special damage claim.

The plaintiff's present assertion to the contrary notwithstanding, he had no right to serve the disputed bill of particulars pursuant to CPLR 3043 (b). Since the plaintiff was not merely updating allegations of special damages previously asserted but was rather adding a wholly new category of special damages, leave to serve the disputed bill was necessary *(see, Kurnitz v Croft,* 91 AD2d 972; *cf., March v St. Volodymyr Ukranian Catholic Church,* 117 AD2d 864). Given the timing of the motion, the age of the case, and the lack of acceptable excuse for the delay in raising these allegations of additional damages, we conclude that the Supreme Court's refusal to grant the plaintiff leave to amend was a proper exercise of discretion *(see, Alexander v Seligman,* 131 AD2d 528; *Matter of Schwartz v New York City Tr. Auth.,* 104 AD2d 370; *see also, March v St. Volodymyr Ukranian Catholic Church, supra,* at 864). Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.