■ SHIRLEY PINES, Respondent, v MUSS DEVELOPMENT COMPANY, INC., Defendant, and WESTINGHOUSE ELEVATOR CO., INC., Appellant. (And a Third-Party Title.)—In a negligence action to recover damages for personal injuries, the defendant Westinghouse Elevator Co., Inc., appeals from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated October 17, 1989, as granted its motion to strike the plaintiff's supplemental bill of particulars in its entirety only to the extent of striking the provision thereof claiming medical special damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion by refusing to strike that portion of the plaintiff's supplemental bill of particulars which itemized damages for lost earnings. While a supplemental bill of particulars may not be used to claim a "wholly new category of special damages" *(Pearce v Booth Mem. Hosp.,* 152 AD2d 553, 554) not previously asserted *(see,* CPLR 3043 [b]), the plaintiff's 1985 bill of particulars and 1987 amended bill of particulars fully set forth the elements supporting her loss of earnings claim. Under these circumstances, the plaintiff was properly permitted to assert a claim for damages based on continuing loss of earnings in her supplemental bill of particulars *(see, March v St. Volodymyr Ukranian Catholic Church,* 117 AD2d 864; *O'Neill v Schlessinger,* 86 AD2d 842; *cf., Kurnitz v Croft,* 91 AD2d 972). Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.