■ ALAN C. HAGER, Appellant, v JOHN HAGER, Respondent. —Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about May 7, 1991, which denied the motion of the plaintiff for summary judgment, dismissing counterclaims, upon the ground that they are time-barred, is unanimously reversed, on the law and on the facts, motion of the plaintiff is granted, and the counterclaims as set forth in the amended answer are dismissed, with costs.

In November 1986, Mr. Alan C. Hager (plaintiff) commenced an action against Mr. John Hager (defendant), who is his brother, to recover damages and property. In the complaint, the plaintiff alleges, in substance, that, while employed by plaintiff, defendant acted improperly, by, inter alia, refusing to return property and records owned by plaintiff.

Defendant joined issue, by the service of a one-page answer, dated November 19, 1986, in which, other than admitting the accuracy of the residence addresses of the parties reflected in the complaint, he generally denied "each and every allegation of the complaint not hereinbefore expressly admitted".

Almost ten months later, on September 17, 1987, defendant moved for leave to amend the original answer, and that motion was granted. Examination of the amended answer indicates that, for the first time in this matter, defendant asserts three counterclaims for breach of contract and conversion. Those counterclaims contend, in substance, that it was the defendant, not the plaintiff, who was the owner of the business, and that it was the plaintiff, as the defendant's employee, who had, inter alia, failed "to account for inventory and monies belonging to the defendant and used in the

business, including inventory consisting of rare and valuable coins".

In January 1988, plaintiff served a reply, denying the counterclaims, and asserting, as a second affirmative defense, that the counterclaims are barred by the statute of limitations.

While the counterclaims do not plead the specific dates of the alleged breach of contract and conversion set forth therein, defendant, during a deposition, testified that each of the counterclaims was based on allegations of conduct, occurring no later than June 1981, when the business relationship between the parties terminated.

Thereafter, in March 1991, plaintiff moved for summary judgment, dismissing the counterclaims, as time-barred by the applicable statutes of limitation *(see, CPLR 213, 214)*, since, according to defendant, all of the plaintiff's alleged wrongful conduct took place no later than June 1981, which was more than six years before the assertion of those counterclaims in the amended answer, served in September 1987. By order, entered on or about May 7, 1991, the IAS Court denied that motion. Plaintiff appeals.

It is well settled law that "CPLR 203 (e) permits the amended pleading to 'relate back', for Statute of Limitations purposes, to the time when the original pleading was served, provided the initial pleading gave notice of the transaction or occurrence from which the amended claim arose *(see, Clarke v Government Employees Ins. Co., 83 AD2d 570, 571)" (March v St. Volodymyr Ukranian Catholic Church, 117 AD2d 864, 865* [1986]).

Based on our analysis of defendant's original answer, consisting of a mere general denial, we find that answer did not satisfy the notice requirement of CPLR 203 (e), for "relate back" purposes, since it gave no indication to plaintiff that defendant intended to call the plaintiff's conduct into question, by the counterclaims, subsequently asserted in the amended answer, which was served after the statute of limitations had expired.

The Appellate Division has held counterclaims to be time-barred, when the original pleading consisted of a general denial, which did not give notice that the plaintiff's conduct in connection with certain transactions or occurrences referred to in the counterclaims "would be called into question" *(Shapiro v Schoninger, 122 AD2d 38, 40* [1986]; *Bernstein v Spatola, 122 AD2d 97, 100-101* [1986]).

In conclusion, applying the legal authority, *supra,* to the

facts herein, since we find that defendant's answer did not satisfy the notice requirements of CPLR 203 (e), we further find that the IAS Court erred, when it denied plaintiff's motion for summary judgment, dismissing the counterclaims, as time-barred.

We have considered the other contentions of the parties, and find them to be without merit.

Accordingly, we reverse, and grant the motion. Concur— Murphy, P. J., Wallach, Kupferman and Ross, JJ.