■ In the Matter of ROBERT YY., a Child Alleged to be Abused. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY ZZ., Appellant. (Proceeding No. 1.) In the Matter of ROBERT YY. and Another, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY ZZ., Appellant. (Proceeding No. 2.) [605 NYS2d 418] —Yesawich Jr., J. Appeal from an order of the Family Court of Ulster County (Peters, J.), entered April 29, 1992, which partially granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to, *inter alia,* adjucicate one of respondent's children to be abused and one to be neglected.

On the morning of January 19, 1991, respondent's three-month-old son, Robert, was being cared for by his father, respondent's fiancé, while respondent dozed on and off in the same room. Respondent awakened at least once during the morning, noticed that her fiancé was playing with the child on the bed—"flipping" him from front to back, a game the infant enjoyed—and went back to sleep. Shortly thereafter, she was awakened by Robert's crying and discovered that his arm was injured. The father's only explanation for the injury was that in the course of their play, Robert's arm had been caught behind his back, and that immediately thereafter he had noticed that it was limp and unresponsive. Respondent took

her son to the emergency room, where X rays were taken and it was discovered that his upper arm—the left humerus—was fractured.

Respondent recounted her fiancé's explanation of the incident; the emergency room physicians, however, did not find the story consistent with the child's injury, and admitted him to the hospital on suspicion of child abuse. He was discharged several days later and, with the consent of both parents, was placed in the care of his paternal aunt.

Petitions were filed alleging abuse and neglect of Robert, and neglect of Samantha, respondent's three-year-old daughter. After a fact-finding hearing, at which testimony was received from both parents, as well as two of the emergency room physicians, a third physician called on behalf of the parents and a caseworker for petitioner, Family Court found that petitioner had established a prima facie case of abuse of Robert. Referring to the parents' explanation of the cause of the injury as "inherently incredible", the court went on to find that they had failed to rebut petitioner's prima facie showing with a satisfactory explanation, and adjudged Robert to have been abused, and Samantha neglected, by both parents. Robert was placed in petitioner's custody for 12 months and continued to reside with his aunt;* Samantha was returned to respondent under petitioner's supervision. Respondent appeals.

All of the physicians who testified agreed that Robert's injury could have been caused accidentally. However, they also concurred that such a fracture could not have happened without the application of substantial force to the child's arm. In view of the age of Robert, this was sufficient to establish that the injury was one which "would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child" (Family Ct Act § 1046 [a] [ii]), and thus to make out a prima facie case of abuse under the statute. Although, in the absence of a satisfactory explanation of how the injury occurred, this alone might provide ample support for a finding of abuse by the party actually caring for the child, here the more compelling evidence is that, at the time of the injury, respondent was asleep, and that Robert was being cared for by his father. Thus, any finding of abuse or neglect on the part of

---

* This placement was continued by court order. At oral argument before this Court, it was noted that Robert had not yet been returned to respondent's care.

respondent must be grounded in a finding that she "allowed" Robert to be injured "by other than accidental means" (Family Ct Act § 1012 [e] [i]), "allow[ed] to be created a substantial risk" of such injury (Family Ct Act § 1012 [e] [ii]), or failed to "exercise a minimum degree of care * * * in providing [him] with proper supervision * * * by unreasonably * * * allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]).

A parent or other responsible party may only be held accountable, by reason of these sections, for the abusive acts of another party, including those of the other parent, if he or she "knew or should reasonably have known" that the child was in danger (see, Matter of Sara X., 122 AD2d 795, 796, appeal dismissed 69 NY2d 707). Stated another way, a finding of abuse or neglect may only be made if it can be determined, on the basis of objective evidence, that a reasonably prudent parent would have acted differently and, in so doing, prevented the injury (see, Matter of Scott G., 124 AD2d 928, 929; Matter of Sara X., supra).

Evidence from which such a finding can be made is lacking. It is not asserted that the father had played overly roughly with Robert in the past (compare, Matter of Vincent M., 193 AD2d 398), that there had been any prior injuries, or that respondent should have recognized that her fiancé's behavior that morning placed the child at risk. In fact, all of the physicians testified that the gentle "flipping" of Robert witnessed by respondent earlier in the morning was unlikely to cause any injury to Robert. Given the foregoing, we conclude that the record does not establish by a fair preponderance of the evidence that respondent was guilty of any abuse or neglect because of the manner in which she permitted Robert's father to play with, or care for, his son prior to the injury (see, Matter of Desiree X., 129 AD2d 841, 842).

Of course, the finding that respondent neglected Samantha, being based as it was solely on the finding that she abused or neglected Robert, must be reversed as well.

Weiss, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as found Robert YY. and Samantha YY. abused or neglected by respondent; matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v