■ In the Matter of DAWN D. Westchester County Department of Social Services, Respondent; FRANCINE D., Appellant,

et al., Respondent. [612 NYS2d 215] —In a child abuse proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Westchester County (Tolbert, J.), entered September 24, 1991, which, upon a fact-finding order of the same court, dated August 15, 1991, made after a hearing, finding, *inter alia,* that the appellant's child, Dawn D., had been abused by both the appellant and the appellant's husband, transferred custody of Dawn D. to the Westchester County Department of Social Services.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On February 19, 1990, Dawn D., a 6-week-old infant, was taken to the emergency room of New Rochelle Medical Center. Her parents brought her there because she had stopped breathing. She was in serious condition and was transferred to the intensive care unit at Westchester County Medical Center. Upon further medical examination, it was discovered that Dawn had suffered several rib fractures, a fractured thigh bone, and a skull fracture. There was also evidence that Dawn had suffered several brain injuries. Initially, her parents, Francine D. and Adam D., claimed they did not know how these injuries occurred. Later, they both offered various explanations for Dawn's injuries.

On March 8, 1990, the Westchester County Department of Social Services (hereinafter the DSS) commenced the present child abuse proceeding against Francine D. and Adam D. After a fact-finding hearing, the Family Court sustained the petition. The Family Court found, *inter alia,* that Dawn had been abused by both Francine D. and Adam D. and transferred custody of Dawn to the DSS. Francine D. appeals.

Contrary to Francine D.'s contentions, the DSS established, by both direct and circumstantial evidence, a prima facie case of child abuse *(see,* Family Ct Act § 1046; *Matter of Philip M.,* 82 NY2d 238). Once the DSS established a prima facie case, a rebuttable presumption arose that Francine D. was responsible for the abuse. However, she failed to offer any reasonable explanation which would rebut the presumption of abuse. Additionally, by her own admission, Francine D. had observed her husband holding Dawn too tightly. She had also noticed that Dawn had bruises on her buttock area. Therefore, even if Francine D. had not physically abused Dawn, the court could have properly determined that she had failed to protect Dawn from physical danger *(see, Matter of Robert YY.,* 199 AD2d 690; *Matter of Sara X.,* 122 AD2d 795, 796). Accordingly, the

court correctly found that Francine D. had abused Dawn *(see, Matter of Sharnetta N.,* 120 AD2d 276; *Matter of Tashyne L.,* 53 AD2d 629).

Moreover, we note that the preponderance of the evidence standard in child abuse cases does not offend due process *(see, Matter of Nicole V.,* 71 NY2d 112; *Matter of Katrina W.,* 171 AD2d 250). Mangano, P. J., Thompson, O'Brien and Florio, JJ., concur.