OPINION OF THE COURT
W. Dennis Duggan, J.
FINDINGS OF FACT
The issue to be decided on this motion is whether the Department of Social Services (Department) should be allowed to amend its bill of particulars after it has commenced its case-in-chief. The petitions before the court charge the respondents with abuse and neglect of Victoria J. and derivatively of Thea J. Judith J. is the girls’ mother and James T. (T.) is their stepfather. The main thrust of the Department’s case is that T. sexually abused Victoria and the mother failed to protect her. The petition against T. specifically alleges that he engaged in sexual intercourse with Victoria for the past seven years in the family residence in New Jersey and in Albany.[1] The allegations against the mother are that Victoria and Victoria’s older sister disclosed the sex abuse to the mother who did nothing to protect Victoria.
The petitions were filed on December 9, 1996. On December 18, 1996, the Department filed an amended petition against T., which added an allegation that, at some undisclosed time, Victoria observed T. fondling her older sister. On February 10, 1997, the matter was set down for a trial to be held in April 1997. On February 14, 1997, T. filed a demand for a bill of particulars and a demand for discovery.[2] Similar demands were *429 served by Ms. J.[3] In the demand for a bill of particulars, the respondents asked for the following: "the exact date, time and place and/or location that each and every alleged act of sexual contact or conduct by and between the Respondent and the children that took place from 1990 until the present date.”
In response to this portion of the demand for a bill of particulars, the Department, on March 13, 1997, itemized the following acts of sexual conduct:
(1) sexual intercourse and fondling in March 1995, in the family residence at 233 Colonie Street, Albany, New York;
(2) sexual intercourse, fondling and oral sex, in December 1995, in the family residence at 210 Myrtle Avenue, Albany, New York;
(3) sexual intercourse from February to March 1996, at a church on Clinton Avenue, Albany, New York;
(4) fondling in the family residence in 1990, in New Jersey.
The Department now seeks leave to file an amended bill of
particulars.[4] This came about when, during the Department’s case-in-chief, the court sustained an objection by the respondent. The court’s ruling prohibited the Department from inquiring into alleged incidents of sexual abuse by T. that were beyond those specified in the Department’s bill of particulars. The Department now wishes to add the following incidents of sexual conduct to its bill of particulars and to be allowed to offer proof on them:[5]
(1) that the fondling in 1990 in New Jersey progressed over time to sexual intercourse and oral sex;
(2) that the sexual intercourse and oral intercourse at the family residence in April 1995, continued until October of 1995;
*430 (3) that the sexual conduct in December of 1995, at the Myrtle Street address, started in October of 1995;
(4) that the sexual intercourse at the church on Clinton Avenue in Albany took place in the late summer not in February or March of 1996;
(5) that on Columbus Day 1996, T. made sexually explicit comments to Victoria;
(6) that during the weekend near October 25, 1996, T. touched Victoria’s buttocks and brushed up against her in a sexual manner.
CONCLUSION OF LAW
While there is no automatic incorporation of the provisions of the CPLR into the Family Court Act (see, Family Ct Act § 165), Family Court Act § 1038 (d) states that the discovery provisions and limitations of CPLR article 31 apply to article 10 proceedings. Concerning how a court should resolve pleading disputes, several provisions of law provide guidance. Family Court Act § 1051 (b) states that "If the proof does not conform to the specific allegations of the petition, the court may amend the allegations to conform to the proof; provided, however, that in such case the respondent shall be given reasonable time to prepare to answer the amended allegations.” This provision is mildly stronger than its companion contained in CPLR 3025 (c). CPLR 104 provides that "[t]he civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” This philosophy is continued in CPLR 2101 (f), which directs the court to disregard defects in the form of a paper if a substantial right of a party is not prejudiced. CPLR 3026 provides that pleadings shall be liberally construed with defects being ignored if a substantial right of a party is not prejudiced.
All of the above-cited provisions, distilled to their essence, require the court to resolve the entire controversy that exists between two parties, by allowing them to present all relevant evidence. The court should exclude evidence only if there is demonstrable prejudice to the opposing party caused by the proponent’s late introduction of facts or issues into the controversy. On the other hand, the court also has the responsibility to efficiently manage litigation so that controversies can be expeditiously resolved. Accordingly, a balance must be struck when leave to amend is sought on the eve of trial or, as in this case, during trial. For example, it does not appear *431 satisfactory to permit eve of trial amendments without presenting a meritorious excuse or a showing of good cause. To argue that a continuance would permit the opponent to prepare a defense to last minute allegations, does not require that all last minute amendments must be permitted in all cases where a continuance mitigates the prejudice. "An affidavit of reasonable excuse for any delay and of merit is generally required before leave to amend a pleading will be granted” (March v St. Volodymyr, 117 AD2d 864, 865; see also, Cardy v Frey, 86 AD2d 968, 969, supra). Absent the destruction of exculpating evidence or the unavailability of a crucial witness, a continuance can mitigate almost all late notice prejudice. However, such an approach would stand the orderly progression of litigation on its head and would, at best, reward sloppy trial preparation and, at worst, encourage litigation brinkmanship. The better policy would be to apply a balancing test. This test should take into account any prejudice or surprise to the opponent, the reason the proponent failed to include the issues or facts in its initial pleadings, the ability of a continuance to ameliorate the prejudice of allowing the late introduction of new evidence and the over-all affect on the orderly administration of justice. In the Family Court context, the court must also take into account the policy considerations set forth by the Legislature in Family Court Act § 1011: "This article is designed to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being.”
In applying the above considerations, the court finds that the Department has offered no reason why it failed to include the additional allegations in its bill of particulars. On the other hand, the respondents have not articulated any real surprise, since the discovery process revealed all of the additional incidents upon which the Department now wishes to offer proof. However, the respondents were entitled to rely on the Department’s bill of particulars in formulating their defense. They could have reasonably concluded that the Department desired to present a more focused case, by not including dated events or incidents of relatively minor significance. Also, the respondents have articulated a real prejudice if they must respond to a broader range of conduct that allegedly occurred up to seven years ago in New Jersey.[6] It is clear that no specific Statute of Limitations applies to article 10 proceedings, though *432 laches may be an available defense in some circumstances. The only standard is that the evidence be relevant and material. (See, Matter of Harry S., NYLJ, Apr. 8, 1997, at 33, col 5; Matter of Christopher N., 221 AD2d 871; Matter of Charles DD., 163 AD2d 744; Matter of T. C., 128 Misc 2d 156.) The greater concern, as viewed by the court, is that, after the Department limited its proof in its bill of particulars and after it started its case-in-chief, it now seeks to offer proof of seven-year-old incidents of sexual abuse, presumably through the testimony of the alleged victim who was then eight years old. The court’s earlier protective order, prohibiting the deposing of the child, obviously put a significant dent in respondent’s ability to discover evidence relevant to the New Jersey incidents. At this point, to allow the Department to broaden its scope of inquiry would be fundamentally unfair to the respondents without, in any significant degree, having the potential to advance the best interest of the child.
Based on the above findings of fact and conclusion of law, the court, in striking the proper balance and in the exercise of its discretion, rules as follows:
(1) The Department shall be limited to offering evidence concerning what occurred at the family residence in New Jersey, to that set forth in answer 11 (d) of their bill of particulars. The events alleged in their proposed amended bill of particulars are somewhat dated and the respondents have articulated a sufficient claim of prejudice on this item.
(2) The Department shall be permitted to elicit evidence of a course of sexual conduct by the respondent T. from April of 1995 through December of 1995. While this does expand somewhat on the Department’s original contentions, those contentions did set forth a rough time-line which fairly apprized the respondents that the alleged sexual conduct of T. was ongoing during that period.
(3) The Department shall be permitted to offer proof that an act of sexual intercourse took place in a church in the late summer of 1996 as opposed to February through March of 1996, as alleged in the bill of particulars. This represents just a minor amendment of pleadings to conform to the proof expected to be offered by the Department.
(4) The Department shall be prohibited from offering proof as to any incidents that occurred around Columbus Day of *433 1996. The alleged acts, namely sexually explicit comments and the brushing up against the child, are de minimis compared with the Department’s essential allegations and, in light of the court’s earlier denial of the respondent’s request to depose the child, strikes a fair balance on this issue.
The next scheduled trial date will provide the respondents with sufficient time to prepare a defense to the new allegations and to permit the Department to apply for a stay pending appeal, if they so desire.

. The remaining allegations of abuse and neglect are not relevant to the resolution of the issues presented in this motion. T. is currently under indictment for multiple counts of rape in the second degree and related sexual offenses, all arising out of the same allegations which form the basis of the Department’s petition.

. The respondents also sought to depose the child Victoria. The court, on March 26, 1997, issued a protective order prohibiting this form of discovery.

. It is the practice in this court Part to schedule trials sufficiently in advance so that discovery can be completed between the time the trial is scheduled and the date the trial is to commence. Accordingly, it is customary that no formal discovery takes place prior to the time when the trial is scheduled. The Department has an open file discovery policy. Attorneys are permitted to go to the Department’s office to inspect any nonprivileged or nonconfidential materials.

. The court need not determine whether there is any distinction between an application to amend a bill of particulars pursuant to CPLR 3042 (b) and an application to amend the pleadings to conform to the proof pursuant to Family Court Act § 1051 (b) or CPLR 3025 (c). The applicable standards are the same (see, Cardy v Frey, 86 AD2d 968, 969).

. The Department does not claim that their case will fail if they are unable to present evidence on the incidents set forth below. If the Department meets its burden on any of the four already alleged incidents, a finding of abuse would follow.

. The fact that some of the acts of alleged abuse took place outside New York State has no legal significance, but it does have some factual signifi *432 canee. (See, Matter of Westchester County Dept. of Social Servs. [Martina P.], 211 AD2d 235.)