■ JOSEPH BAMIRA, Appellant, v SHLOMO GREENBERG, Respondent. [682 NYS2d 174] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered February 24, 1998, which, *inter alia*, granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to deny the motion with respect to the cause of action for breach of contract and reinstate that cause of action and to grant the cross-motion to amend the complaint to the extent of permitting plaintiff to assert the first, second, fourth and fifth causes of action of the amended complaint, and otherwise affirmed, without costs.

This is an action for damages based on defendant's alleged misappropriation of an opportunity to purchase shares in a corporation known as Fidelity Medical (Israel), Ltd. (Fidelity Israel).

Contrary to the motion court, we find that the allegations set forth by plaintiff in the original complaint were sufficient to state a cause of action for breach of contract and that questions of fact remain sufficient to withstand summary judgment on this cause of action.

The contract at issue is a proposed shareholders' agreement entered into in anticipation of the formation of a corporation that was never actually brought into being. There is no dispute that, in spite of the failure to actually form the corporation, this agreement governs the parties' relationship. There is, however, significant dispute concerning the scope of the agreement.

First, we find that the stated purpose of the proposed corporation and, therefore, of the parties' relationship, was not,

as contended by defendant, strictly limited by the terms of the agreement to the marketing of the services of, and introduction of customers to, Brenner Securities Corporation (Brenner) in Israel. Although that was specifically stated as *a* purpose of the proposed corporation, the agreement also states that the corporation would have "other purposes" as well.

This language is obviously ambiguous. There is no indication as to the nature of the "other purposes" and thus as to the extent of the scope of the parties' obligations. Nor does the contract, taken as a whole, clearly demonstrate the full range of the parties' agreement. In light of this ambiguity, extrinsic evidence is admissible to interpret the contract (*see, Rivera v St. Regis Hotel Joint Venture*, 240 AD2d 332, 334).

Plaintiff has offered such evidence in an attempt to demonstrate that the other purposes of the parties' business relationship were very broadly defined, i.e., "to share in the profits and losses of all financial endeavors which came to their attention", which would include the transaction to purchase shares in Fidelity Israel from which plaintiff alleges he was improperly excluded. In support, plaintiff points to evidence that the parties' separate agreement with Brenner indicates that the services they would perform included not only marketing of securities but "investment banking". Plaintiff contends that this language from the Brenner contract not only generally bolsters his position that the parties saw the scope of their obligations as significantly broader than the marketing of securities and introduction of customers noted in the shareholders' agreement, but that the Fidelity Israel purchase was precisely the type of "investment banking" transaction which, by signing the Brenner contract, the parties intended would be included in the purposes of the shareholders' agreement.

In addition, in support of his claim that the "other purposes" in the parties' contract included the Fidelity Israel transaction, plaintiff points to evidence demonstrating, *inter alia*, that, when defendant first heard about the Fidelity deal, he and plaintiff agreed that the partnership would work on finding investors, that plaintiff found a potential investor whom defendant rejected, that plaintiff introduced defendant to Ilan Charsky, and that defendant purchased the shares in Fidelity Israel with Charsky, hid the transaction from plaintiff by operating under the aegis of a corporation specifically formed for that purpose and ultimately transferred the securities to his wife's name, while informing plaintiff that the deal had been appropriated solely by Charsky.

Defendant, on the other hand, contends that the phrase "for

other purposes" in the shareholders' agreement was an essentially meaningless "agreement to agree" inserted solely in anticipation of a situation in which the Brenner deal fell through and the proposed corporation entered into a contract with a different company for the marketing of securities in Israel, which was its only proposed function. Consequently, the purchase of the Fidelity Israel securities, which, defendant contends, was by his wife and not by him, was merely a private transaction completely unrelated to any obligations he bore under the subject contract.

In light of these very different interpretations of this ambiguous term, neither of which is conclusively established or obviated by the evidence on the record, we find that summary judgment is not warranted.

We find, however, that plaintiff's allegations were not sufficient to support a cause of action for fraud, and therefore affirm the motion court's dismissal of that cause of action. It is well settled that "[a] cause of action based upon breach of contract cannot be converted into one for fraud merely by alleging that defendants did not intend to fulfill the contract" (*Bencivenga & Co. v Phyfe*, 210 AD2d 22).

However, while the cause of action for fraud was properly dismissed, we find that the motion court also erred in denying the motion to amend the complaint to add causes of action for breach of good faith and fair dealing, breach of fiduciary duty and theft of partnership opportunity. In light of the fact that these causes of action were based on allegations already pleaded or as to which defendant was fully on notice, we reject defendant's contention of prejudice. Moreover, the issue of whether a partnership exists is generally a question of fact (*Olson v Smithtown Med. Specialists*, 197 AD2d 564), and there were sufficient indicia of such a relationship in this matter to present a jury question as to whether the relationship between the parties as defined by the shareholders' agreement constituted a partnership and whether defendant's actions breached any fiduciary duty he may have borne as a result. Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.