OPINION OF THE COURT
Dudley L. Lehman, J.
After commencement of the fact-finding hearing and during presentation of the matter in chief, petitioner, by oral motion, sought to amend the neglect petitions in the instant case to *792 include allegations of abuse. Petitioner argues that Family Court Act § 1051 (b) and the related case law allows for alterations to article 10 petitions, “so long as any changes made have conformed to the evidence given by the petitioner” and provided that “respondent is given an opportunity to prepare and respond to the altered claims.”
Respondent contends that the Family Court Act does not authorize this court to add “additional charges” to an article 10 petition, and purports that the intent of the statute was to permit the amendment of the petition to cure minor defects such as dates, times, locations and names.
Family Court Act § 1051 (b) allows for the court to permit the amendment of article 10 petitions under certain circumstances and states:
“If the proof does not conform to the specific allegations of the petition, the court may amend the allegations to conform to the proof; provided, however, that in such case the respondent shall be given reasonable time to prepare to answer the amended allegations.”
While both petitioner and respondent have cited various cases to support their respective contentions as to whether, under Family Court Act § 1051 (b), a neglect petition may be amended to include the allegation of abuse, the particular factual scenario before this court has not been addressed in the case law. A review thereof does indicate that the power of the courts to grant leave to amend article 10 petitions extends beyond that merely necessary to cure minor defects.
In Matter of Sara X. (122 AD2d 795 [2d Dept 1986]), the son of respondent’s paramour was alleged to have sexually abused respondent’s daughter. The Second Department concurred with the conclusion of the Family Court, that absent proof that respondent “knew or should reasonably have known that the child was in imminent danger of becoming a victim of sexual abuse,” the petition must be dismissed. (Matter of Sara X., supra, 122 AD2d, at 796.) However, the Second Department pointed out that respondent permitted his paramour’s son to visit with his daughter even after he was fully aware of the pending charges. (Matter of Sara X., supra, 122 AD2d, at 796-797.) Accordingly, the Appellate Division reversed the decision of the Family Court and granted petitioner leave to serve petitions to conform to the proof to incorporate the incidents which occurred after the filing of the initial petitions. (Matter of Sara X., supra.)
*793 In Matter of T. D. Children (161 AD2d 464 [1st Dept 1990]), the First Department held that the Family Court erred in dismissing two derivative neglect petitions when it found that it was without power to amend petitions to include findings of neglect of two siblings. Here, the Court determined that a third sibling had been neglected and that sufficient evidence had been presented to establish that the other two siblings were neglected as well. The First Department concluded that Family Court Act § 1051 (b) empowers the court to amend allegations in the petition to conform to the proof and that the Family Court should have made a finding that the two younger children were neglected. (Matter of T. D. Children, supra, 161 AD2d, at 465.)
In Matter of Michael M. (156 Mise 2d 98 [Fam Ct, Kings County 1992]), petitioner had not made specific allegations in the neglect petition, against the respondent, with respect to her mental condition. The court amended the petition pursuant to Family Court Act § 1051 (b), to include an allegation of mental impairment based on the evidence adduced at the fact-finding hearing and made a finding of neglect for impairment of the children’s emotional well-being based upon the mother’s mental condition. (Matter of Michael M., supra, 156 Mise 2d, at 106.)
It is clear from the case law that section 1051 (b) has been interpreted to grant the court broad power to allow leave to amend article 10 petitions, which extends beyond that necessary to cure minor defects. The companion to Family Court Act § 1051 (b) contained in CPLR 3025 (c) states that “[t]he court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just including the granting of costs and continuances.” The matter of whether to permit amendment “[is left] almost entirely to the court’s discretion to be determined on a sui generis basis.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:4, at 355.)
In civil matters, “[W]here * * * the proposed amendment does not set forth new facts, but merely adds an additional theory of recovery, leave should generally be granted.” (See Rogers v South Slope Holding Corp., 255 AD2d 898 [4th Dept 1998]; see also, Bamira v Greenberg, 256 AD2d 237 [1st Dept 1998].) The primary focus of the courts, in determining whether to grant leave to amend under CPLR 3025, has been whether the proposed amendment of the complaint will result in prejudice to a party to the action. (See Kraus v Brandstetter, 185 AD2d *794 302 [2d Dept 1992]; Danise v Agway Energy, 255 AD2d 731 [3d Dept 1998]; Bamira v Greenberg, supra.)
In the case at bar, it is alleged in the petitions that respondents, who were legally responsible for Kianna M.’s care, either inflicted or allowed to be inflicted burn injuries to Kianna’s left underarm and arm pit. Although not mentioned in the petitions, further allegations were made by petitioner during the fact-finding hearing that respondents either inflicted or allowed to be inflicted serious injuries to Kianna’s buttocks and peri-anal area. All of these injuries are thus far unexplained. Petitioner contends that respondents did not seek medical attention or provide adequate care for Kianna’s injuries.
Family Court Act § 1046 (a) (ii) states that a prima facie case of child abuse or neglect shall be established by the “proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child.” It is abundantly clear that the nature and extent of the injuries alleged in the instant case satisfies the statutory definition of abuse.
Despite respondents’ claim that leave to amend the petitions to include the allegation of abuse at this juncture would create undue prejudice, the court is of the opinion that Family Court Act § 1051 (b), which requires that “respondent * * * be given reasonable time to prepare an answer to the amended allegations,” safeguards the procedural due process rights of respondents. (See Matter of Shawniece E., 110 AD2d 900 [2d Dept 1985].) “Absent the destruction of exculpating evidence or the unavailability of a crucial witness, a continuance can mitigate almost all late notice prejudice.” (Albany County Dept. of Social Servs. v James T., 172 Misc 2d 427, 431 [Fam Ct, Albany County 1997].)
Accordingly, given the nature and gravity of the allegations contained in the petitions, as well as those that arose during the course of the fact-finding hearing, the court grants petitioner’s motion to amend the petitions to include the allegations of injuries to the buttocks and peri-anal area as well as to include the allegation of abuse. Additionally, the court will, upon application of respondents’ counsel, grant a continuance for a reasonable period of time so as to ameliorate any unfair surprise or prejudice which may be claimed by respondents.