Goldstein, J.,
concurs in the result, with the following.memorandum: I agree that the liability verdict should not be disturbed and there must be a new trial on damages based upon the trial court’s conduct during the cross-examination of the defendants’ medical expert.
However, in my view the trial court properly denied a missing witness instruction with respect to the surgeon Dr. Frank J. Cammisa, Jr., on the ground that his testimony would have been cumulative. Further, since the defendants were fully aware of the plaintiffs claim for future lost earnings which flowed immediately and directly from the injuries outlined in the bill of particulars, the trial court did not err in permitting testimony as to future lost earnings.
Dr. Cammisa’s certified medical records of his surgery and postoperative treatment of the plaintiff were admitted in evidence at the trial upon stipulation of the parties. Those medical records were referred to by the defendants on cross-examination *333 of the plaintiffs medical expert, who acknowledged that the surgery performed by Dr. Cammisa was beneficial and, as a result, she no longer suffered from radicular symptoms. Further in summation, the defense counsel noted that Dr. Cammisa’s records stated that subsequent to the surgery, the plaintiff’s complaints of extreme lower back pain and “pain going down the legs resolved 100 percent.” Since the testimony that Dr. Cammisa might be expected to give was already in evidence through the records and through the testimony of the plaintiffs medical expert, his testimony would have been cumulative (see Kane v Linsky, 156 AD2d 333 [1989]; Rojas v Greyhound Lines, 254 AD2d 188 [1998]; Jellema v 66 W. 84th St. Owners Corp., 248 AD2d 117 [1998]; cf. Chandler v Flynn, 111 AD2d 300, 302 [1985] [missing doctor’s report marked for identification but not in evidence]).
With respect to the plaintiffs claim for future lost earnings, the original verified complaint alleged that the plaintiff “will continue to suffer pain and agony in mind and body and is unable to attend to her duties.” The verified bill of particulars fully described the plaintiffs injuries, stated that those injuries were permanent, and further stated that she continued to be incapacitated from work as a registered nurse as a result of the accident.
At the time of her deposition in January 2000, the plaintiff had returned to work. However, in April 2000 Dr. Cammisa determined that the plaintiff was unable to work, on the ground that she continued to suffer lower back pain and intermittent pain in the posterior knee and lateral calf. The defendants contend that since the plaintiff was working at the time of her deposition, her claim for future lost earnings came as a surprise. However, the defendants received a copy of the plaintiff’s expert’s report with respect to future lost earnings months before the trial on damages and were granted an adjournment to give them an opportunity to retain their own expert. Accordingly, the defendants’ claim of unfair surprise is disingenuous and the failure to formally amend the bill of particulars to include an explicit claim for “future lost earnings” is not significant (see Reed v City of New York, 304 AD2d 1 [2003], lv denied 100 NY2d 503 [2003]; Pines v Muss Dev. Co., 172 AD2d 600 [1991]).