*940 Appeal from those parts of an order of Family Court, Oneida County (Flemma, J.H.O.), entered November 16, 2000, that, inter alia, placed respondent Rose K. under the supervision of petitioner for a period of eight months.
It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the petition against respondent Rose K. is dismissed.
Memorandum: Petitioner failed to meet its burden of proving by a preponderance of the evidence that Rose K. (respondent) neglected her stepdaughter (see Family Ct Act § 1046 [b] [i]). The evidence at the fact-finding hearing establishes that the stepdaughter sustained an injury to her wrist as the result of a physical altercation with her father over a sexually explicit photograph and that respondent merely attempted to retrieve a second photograph from the stepdaughter’s pocket during the altercation. It is undisputed that respondent’s conduct did not cause the injury. The evidence also fails to establish that respondent “ ‘knew or should reasonably have known’ that the child was in danger” from her father’s conduct (Matter of Robert YY., 199 AD2d 690, 692 [1993], quoting Matter of Sara X., 122 AD2d 795, 796 [1986], appeal dismissed 69 NY2d 707 [1986]). Petitioner presented no proof of a pattern of excessive force by the father; indeed, the proof establishes that this was a single, isolated incident (see Matter of Anthony PP., 291 AD2d 687, 688 [2002]; Matter of Amanda E., 279 AD2d 917, 918 [2001]; Matter of Luke M., 193 AD2d 446, 447 [1993]). Finally, the evidence fails to establish that, during the altercation, respondent was aware that the stepdaughter was injured or “that a reasonably prudent parent would have acted differently and, in so doing, prevented the injury” (Robert YY., 199 AD2d at 692). We therefore reverse the order insofar as appealed from and dismiss the petition against respondent. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.