Matter of Alyssa B. (2006 NY Slip Op 51312(U))

[*1]

Matter of Alyssa B.

2006 NY Slip Op 51312(U) [12 Misc 3d 1179(A)]

Decided on July 5, 2006

Family Court, Richmond County

DiDomenico, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through July 20, 2006; it will not be published in the printed Official Reports.

Decided on July 5, 2006

Family Court, Richmond County
In the Matter of Alyssa B., Paige B., Robert B., Children under Eighteen Years of Age Alleged to be Neglected by Dawn B., and Stanley B., Respondents.
NN-xxxx

Christoper Robles, Esq. (For Respondent Mother)
471 54th Street
Brooklyn, NY 11220
James O'Halloran, Esq. (For Respondent Father)
17 Seneca Avenue
Staten Island, NY 10301
Lori Sue Landowne, Esq. (Law Guardian for Children)
Legal Aid Society
60 Bay Street
Staten Island, NY 10301

Catherine DiDomenico, J.
On February 16, 2005, Petitioner, Administration for Children's Services ("ACS") brought this Petition, pursuant to Article 10 of the Family Court Act, against the Respondents, Dawn B. and Stanley B., ("Respondent Mother" and "Respondent Father") alleging that the Respondents neglected the subject children, Alyssa (DOB: 4/24/90); Paige (DOB: 8/29/96) and Robert (5/8/92).
Specifically, the Petition alleges that the Respondent Mother failed to exercise a minimum degree of care causing the children's physical, mental or emotional condition to be impaired or to be in imminent danger of being impaired by her drug use. The Petition further alleges that the Respondents neglected these children by allowing them to remain in their home under "unsafe and unsanitary" conditions, including garbage strewn around the home, dog feces about the floor, blinds in the bathtub and overall uninhabitable defects.
Last, the Petition alleges that the Respondent Father neglected these children by committing acts of domestic violence against the Respondent Mother in the presence of the children. This allegation was withdrawn by Petitioner at the commencement of the fact-finding. A motion was also made by Petitioner, pursuant to Family Court Act § 1051(b), to conform the pleadings to the proof to include allegations that the Respondent Father knew or should have known of the Respondent [*2]Mother's drug use, which motion was granted at the close of the fact finding hearing.

On February 14, 2006, the Respondent Mother consented to a remand of the children by ACS pursuant to FCA §1021. On February 23, 2006, at Respondent Mother's request, a hearing was held pursuant to FCA § 1028. At the closing of the hearing, the Honorable Charles Heffernan issued a detailed opinion which denied the § 1028 application and continued the remand of these children, finding that returning them to their home would constitute "imminent risk" to the life and health of these children, and would be contrary to their best interest. On May 23, 2006, Respondent Mother consented to a finding of neglect against her pursuant to Family Court Act § 1051(a).
A fact finding hearing was held as against the Respondent Father on May 23, 2006, May 24, 2006 and May 30, 2006. At the fact finding hearing, ACS called Robert S., the case worker as its sole witness and introduced documents into evidence (Petitioner's 1, A through V, pictures depicting the Respondents' home, and Petitioner's 2, drug test results for Respondent Mother). The Respondent Father testified in his own defense and introduced one document (Respondent's A, Certificate of Disposition from Criminal Court of the City of New York, County of Richmond). The Law Guardian presented no evidence at the fact-finding hearing.
A Petitioner must prove parental neglect by a preponderance of "competent, material and relevant evidence". Family Court Act § 1046(b). A finding of neglect may be properly entered against a father, who knowing of the mother's drug use, fails to take steps in order to safeguard the health and well being of his children. See, e.g. Matter of R/W Children, 240 AD2d 207 (1st Dept. 1997). This principle has been applied to a father who "should have known" of the mother's substance abuse. See Matter of Kanika M., 270 AD2d 490 (2nd Dept. 1995). The Petitioner must prove that the Respondent Father knew or should have known that the children's physical, emotional or mental well being was at imminent risk of being impaired. Matter of Sara X, 122 AD2d 795 (2nd Dept. 1986). There must be a "willful omission in the protection of children by individuals legally responsible for their care". Matter of Sara X., 122 AD2d 795, 796 (2nd Dept. 1986), quoting, Matter of Ruth L., 126 Misc 2d. 1053, 1058. In determining whether there has been a failure to exercise a minimum degree of care, parental behavior must be evaluated objectively, in light of what a reasonable and prudent parent would have done, to prevent a risk of impairment to the child or imminent danger of impairment. Nicholson v. Scoppetta, 3 NY3d 357 (2004).
In this case, the Respondent Father admitted that he knew of his wife's use of marijuana in July 2005, when she was hospitalized for an overdose of her prescription medicine. Mr. S., the ACS caseworker assigned to this family, also credibility testified that, on or about December 28, 2005, the Respondent Father stated that he suspected Respondent Mother was again using drugs because she was acting erratic. Respondent Father further testified that he knew that his wife refused to submit to a random drug test, although instructed to by ACS. These facts suggest, and this Court does find, that this Respondent knew that his wife was abusing drugs. This Court further finds, that notwithstanding this fact, he allowed her to remain as the primary care taker of the three subject children, and further failed to take any action whatsoever to ensure the safety and welfare of his children while in her care.
[*3]
This Court does not credit Respondent Father's self-serving statements to the effect that he was not sure as to whether his wife had starting using drugs again after he instructed her not to do so. Respondent Father, by his own admission, knew, as of July 2005, that his wife was using drugs again. Moreover, even if this Court believed that respondent did not know for certain of his wife's drug use, then Respondent clearly had sufficient information to suspect that this was the case. His failure to take any steps whatsoever to safeguard his children (and instead to leave them solely in her care while he worked some 10 hours each day) supports a neglect finding against him on this ground.
The same is true with respect to the conditions of the home. The Respondent Father admits that in, January, 2006, he could not "take it anymore" and left the marital home, leaving his children behind. Among other issues that Respondent Father could not "take" was the condition of the home and his wife's refusal to clean up the house. This Court credits Mr. S.'s testimony that on February 14, 2006, the condition of the home was unsanitary and not suitable for these children in that, among other conditions, garbage and clothing were thrown about the floor, dog feces were piled about, rotten meat was in the sink, blinds were in the bathtub, dirt was everywhere, and the bathroom was unusable. Respondent Father admits that he was aware of these conditions. On February 13, 2006, he went to the home with his two sister-in-laws in an attempt to clean it up, but then "gave up" after demolishing a wall unit and leaving its pieces, complete with nails sticking out, in the home. As Respondent Father admits that he knew this was the primary home of the children, his failure to ensure that it remained in habitable condition supports a neglect finding against him on this ground as well.
This Court grants Petitioner's application to conform the pleadings to the proof and finds, by a preponderance of the evidence, that Respondent Father has neglected the subject children pursuant to Family Court Act § 1012(f)(i)(A) in that the physical, emotional, and mental well being of the children has been impaired or is in danger of being impaired as a result of his failure to exercise a minimum degree of care in supplying the children with adequate housing, and by failing to provide the children with proper supervision and guardianship.
This constitutes the Findings of Fact and Conclusions of Law of this Court after fact-finding.
E N T E R:
____________________________
 CATHERINE M. DIDOMENICO
 JUDGE, FAMILY COURT
 RICHMOND COUNTY
Dated:Staten Island, New York
July 5, 2006