HORTENSE C. PRICE et al., Appellants, *v.* HENRIETTA BRODY, Respondent.

First Department, January 27, 1959.

*Seymour L. Colin* for appellants.

*George J. Frank* of counsel (*Caverly, Dimond, Dwyer & Lawler,* attorneys), for respondent.

*Per Curiam.* Plaintiffs appeal from an order of Special Term denying their motion to vacate a notice served by the defendant requiring plaintiffs to submit to an examination before trial. The action is one to recover damages for personal injuries by the plaintiff wife and for the loss of her services by plaintiff husband as a result of an alleged fall suffered by plaintiff wife on defendant's premises on December 14, 1957.

The summons was served on January 15, 1958, issue was joined on April 15, 1958, and on May 20, 1958 a note of issue and statement of readiness was filed. Thereafter, on June 10, 1958, defendant served a notice of examination before trial. Plaintiffs thereupon moved to vacate the notice of examination

before trial on the ground that the service was untimely under the Special Rule Respecting Calendar Practice of the New York County Supreme Court Rules. Insofar as relevant that rule is as follows:

" A. No case may be placed on any calendar unless a statement is filed with the note of issue, with proof of service of a copy thereof on the attorneys for all parties, that:

" 1. (a) all necessary or proper proceedings allowed by Article 29 of the Civil Practice Act, by Rules 115, 116 and 121-a of the Rules of Civil Practice, and by the rules of this court applicable to notes of issue, have been completed by all parties, or if not completed

" (b) there has been a reasonable opportunity to complete such proceedings, or

" (c) the parties do not intend to conduct any such proceedings:

" 2. the case is ready for trial; and

" 3. (a) settlement of the case has been discussed unsuccessfully, or

" (b) settlement discussions have not taken place for reasons stated.

" *Within twenty days after filing the note of issue and said statement any party may move to strike the case from the calendar* upon an affidavit indicating in what respects the case is not ready for trial. Such motions shall be returnable at Trial Term Calendar Part and be determined by the justice presiding in said part." (Emphasis supplied.)

We hold the clear intendment of the rule to be that where a defendant has not taken the deposition of the plaintiff at the time that a note of issue and a certificate of readiness are filed the defendant must, within 20 days after the filing of the note of issue and certificate of readiness, indicate his desire to take such deposition by moving to strike the cause from the calendar. Upon defendant's failure to so do, we interpret the rule to mean generally that the defendant waives the right to take the deposition of the plaintiff. It also follows that where a plaintiff places a cause upon the calendar by the filing of a note of issue and certificate of readiness without having taken the defendant's deposition such action constitutes a waiver of plaintiff's right to take the deposition. The provision for the placement of causes upon the trial calendar binds both plaintiff and defendant.

In the case at bar, no claim of special, unusual or extraordinary circumstances was made by the defendant nor was there any such finding at Special Term. Absent any special, unusual or extraordinary circumstances, it was an inappropriate exer-

cise of discretion to deny plaintiffs' motion to vacate defendant's notice of examination before trial. (*Amkraut* v. *Roanoke Garment Co.*, 5 A D 2d 863.) The oft-enunciated policy of encouraging pretrial disclosure in most cases in and of itself is not sufficient to excuse a party's failure to comply with the Special Rule Respecting Calendar Practice. The further fact, as stated here, that neither party will be prejudiced by allowing the examination, should not be a decisive factor in permitting departure from the general rule. Present special, unusual or extraordinary circumstances, spelled out factually, the court has discretion to depart from this interpretation of the rule. In all cases involving this rule, however, the judicial discretion to be exercised should be discreet, circumspect, prudent and cautious, and no party should be relieved of compliance with its provisions unless it clearly appears that the interests of justice require it.

The order of Special Term should be reversed, with costs to appellants, on the facts, the law and in the exercise of discretion, and plaintiffs' motion to vacate defendant's notice of examination before trial should be granted.

BOTEIN, P. J., M. M. FRANK, VALENTE, McNALLY and BERGAN, JJ., concur.

Order unanimously reversed on the facts, on the law and in the exercise of discretion, with $20 costs and disbursements to the appellants, and the motion to vacate the notice of examination before trial granted, with $10 costs.