Joseph A. Gavagan, J.
In this personal injury action, now awaiting trial, a motion returnable at Special Term on July 8, 1964 was referred to me on September 17. By this motion the defendant seeks an examination of the plaintiff on the grounds of special circumstances. Plaintiff contends that this motion is untimely in that plaintiff’s note of issue was filed in January, 1963 and hence defendant is precluded by the New York County Supreme Court Rules from making the instant motion. Neither side submits a case to fortify its position.
At the outset the court makes clear that the affidavits of the parties are not entirely accurate in their recitals. A brief chronological history is in order to clarify certain statements. This case was assigned to me in March and at the request of counsel was adjourned on several occasions and then scheduled for April 27. When called for trial on that date an associate of plaintiff’s trial counsel submitted a medical affidavit, dated April 24, stating that due to a diabetic condition plaintiff’s trial counsel was not physically able to proceed to trial until the latter part of May or some time in June. On that occasion, the court made unequivocally clear to both sides that this case must be tried and strongly urged that plaintiff retain different trial counsel. However, the court was impressed with the argument that because of the affinity of plaintiff and her trial counsel such a tactical move, if adopted, would seriously prejudice the rights of the plaintiff. Cognizant of the highly personal and sensitive nature of the alleged assault upon the plaintiff and aware of the existence of the rapport between her and trial counsel, the case was adjourned to June 10 peremptorily *85 against both sides. At the same time, defendant’s oral request to take the deposition of the plaintiff was denied. Ultimately, on June 11, while a jury was being impaneled, the court was required to discharge the panel because of prejudicial remarks. The case was set down for trial on June 15 on which date plaintiff’s counsel submitted an affidavit requesting adjournment of trial until the Fall Term because of the unavailability of a principal witness whose brother had just died. This request was granted.
The sole query before this court is whether under the circumstances here present this defendant, not having obtained the examination before trial prior to the filing of the certificate of readiness by the plaintiff in accordance with the special rule respecting calendar practice, may take the deposition of this plaintiff.
It is axiomatic that the clear intendment of the special rule respecting calendar practice of the New York Supreme Court Buies is that, absent any special, unusual or extraordinary circumstances, defendant’s failure to timely take the plaintiff’s deposition is interpreted to mean generally that the defendant waives the right to take the deposition of the plaintiff. It also follows that where a plaintiff places a cause upon the calendar by the filing of a note of issue and certificate of readiness without having taken the defendant’s deposition such action constitutes a waiver of plaintiff’s right to take the deposition. The provisions for the placement of causes upon the Trial Calendar bind both plaintiff and defendant. (See Price v. Brody, 7 AD 2d 204.)
It is significant that on this motion the affidavit submitted on behalf of the plaintiff concedes that plaintiff examined the defendant subsequent to the filing of the note of issue and nowhere is there a denial of the defendant’s statement that an attorney representing the plaintiff advised the defendant that the examination would be ‘ arranged for ’ ’.
In considering the rigid enforcement of the rule governing readiness certificates where special circumstances are present, our Appellate Division in McGuire v. Pick (8 A D 2d 800, 801), wrote in part as follows: “ Moreover, the unusual nature of plaintiff’s claims makes extremely desirable, for the benefit of the trial court as well as the adversary, the examination of plaintiff before trial. Thus, while the special rule is and will be rigorously enforced, it will be relaxed when such extraordinary circumstances are present. It has never been questioned that, if special, unusual, or extraordinary circumstances exist, relief is warranted from the general rule which would prevent such an examination.”
*86 The language of the Presiding Justice of the First Department, the learned Mr. Justice Bernard Botein, in Padilla v. Damascus (16 A D 2d 71, 72-73), which dealt with the exchange of medical information is strikingly pertinent here:
‘ ‘ But, as in other pretrial procedures, strict adherence to the pattern of the rule is not required if, to serve their own convenience, the parties stipulate otherwise and if the stipulation is consonant with the purposes of the rule. In effect, such is the case here. * * *
• “ .We are quite aware that there was no express, formal agreement between the attorneys. But physical examinations are virtually sine qua non of personal injury practice, and it is;highly unlikely that a lawyer, particularly one representing a casualty insurance company, would be unacquainted with rule XII. We have no doubt that the attorneys here intended and implicitly undertook to comply, albeit informally, with the fundamentals of the rule. ”
The motion to take the deposition of the plaintiff is granted. The examination shall be at a time and place mutually agreeable to the parties. In the event that the parties cannot agree, an order may be submitted to provide, for such examination. The trial of the action is postponed until after the completion of the examination.