■    MEDICUS BROWN, Appellant, v THOMAS CHIN, Respondent.—Order, Supreme Court, New York County, entered May 9, 1978, granting defendant's motion to conduct a physical examination of plaintiff in an action for personal injuries, affirmed, without costs and without disbursements. Contrary to the comment in the dissent, we do not suggest that I. C. Parts are exempt from the Rules of the Supreme Court. We hold only that the particular responsibilities of a Judge to whom a case is assigned for trial is entitled to consideration in evaluating his exercise of discretion. It is surely pertinent that the trial court could reasonably have concluded that defendant had been led to believe that the plaintiff would interpose no objection to a physical examination which had been long planned. Concur—Kupferman, J. P., Silverman and Sandler, JJ.; Birns and Markewich JJ., dissent in a memorandum by Birns, J., as follows: Defendant's motion was made on May 5, 1978, five years after plaintiff served a notice upon defendant in June, 1973 for physical examination by a physician of defendant's choice and one year after plaintiff filed her statement of readiness in May, 1977. The motion was predicated upon defendant's allegations that the notice of June, 1973 was received by defendant in July, 1973, too late to comply therewith, and that since July, 1974 defendant had attempted for an extended period of time to obtain the physical examination of plaintiff, without success. Defendant's failure to move, within 20 days from the date plaintiff filed her statement of readiness, to strike the case from the calendar, constituted a waiver of his right to conduct such examination *(Price v Brody,* 7 AD2d 204, 205; Rules of the Supreme Court, New York and Bronx Counties, 22 NYCRR 660.4 [d] [3]). Although we are aware that the case at bar was in an I. C.

---

* This line is undoubtedly brought to mind by the motion picture "Star Wars".

Part and the Justice assigned to that part is afforded great latitude in the control and management of the calendar before him, nevertheless defendant failed to show any "special, unusual or extraordinary" circumstances justifying the exercise of discretion to grant defendant's motion notwithstanding 22 NYCRR 660.4 (d) (3). *(Price v Brody, supra,* pp 205-206; Rules of the Supreme Court, New York and Bronx Counties, 22 NYCRR 660.4 [d] [7] [i]). We are not prepared to say, as does the majority, that the I. C. Parts are exempt from the foregoing rules.