■ KYONG HI WOHN et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants. [654 NYS2d 826] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 15, 1995, which granted the plaintiffs' motion for leave to serve a second supplemental bill of particulars.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion is denied.

Contrary to the Supreme Court's determination, the plaintiffs' self-labeled "second supplemental bill of particulars" was in reality an amended bill of particulars since it sought to add new injuries (*see, Pearce v Booth Mem. Hosp.*, 152 AD2d 553, 554; *Aversa v Taubes*, 194 AD2d 580, 583). While leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise, it is settled that when leave to amend a bill of particulars is sought on the eve of trial, judicial discretion should be exercised in a " ' "discreet, circumspect, prudent and cautious" ' " manner (*Volpe v Good Samaritan Hosp.*, 213 AD2d 398, quoting *Symphonic Elec. Corp. v Audio Devices*, 24 AD2d 746; *see also, Daud v Forest & Garden Apts. Co.*, 178 AD2d 578). Moreover, where there has been an inordinate delay in seeking to amend, the plaintiff must estab-

lish a reasonable excuse for the delay and submit an affidavit to establish the merits of the proposed amendment (*see, Volpe v Good Samaritan Hosp., supra; Simino v St. Mary's Hosp.*, 107 AD2d 800).

In this case, the accident occurred in 1984. The action was commenced in 1985. The original bill of particulars was served in 1987, and the "supplemental bill of particulars" was served in 1992. The injured plaintiff failed to offer a reasonable excuse for her delay in seeking to add new injuries until 1995. Moreover, the injured plaintiff failed to submit a medical affidavit establishing a nexus between the new injuries, herniated discs first diagnosed in 1995, and the 1984 accident (*see, Simino v St. Mary's Hosp., supra*). Under these circumstances, it was an improvident exercise of discretion, in effect, to grant the plaintiffs leave to serve an amended bill of particulars.

We have examined the parties' remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.