■ RUBY L. SMITH, Respondent, v PLAZA TRANSPORTATION AMBULANCE SERVICE, Appellant. [665 NYS2d 513] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Barron, J.), dated March 14, 1997, as granted, in part, the plaintiff's motion for leave to serve an amended bill of particulars upon condition that the plaintiff provide certain additional disclosure items.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion is denied.

The plaintiff made the instant motion to amend her bill of particulars to assert new injuries. While leave to amend a bill of particulars is to be freely given in the absence of prejudice or surprise, when leave to amend a bill of particulars is sought on the eve of trial, judicial discretion should be exercised in a discreet, circumspect, prudent, and cautious manner (see, Kyong Hi Wohn v County of Suffolk, 237 AD2d 412; Volpe v Good Samaritan Hosp., 213 AD2d 398; see also, Daud v Forest & Garden Apts. Co., 178 AD2d 578). Moreover, when there has been an inordinate delay in seeking to amend to include a new injury, the plaintiff must establish a reasonable excuse for the delay and submit an affidavit to establish the merits of the proposed amendment (see, Volpe v Good Samaritan Hosp., supra; Simino v St. Mary's Hosp., 107 AD2d 800).

The plaintiff failed to offer a reasonable excuse for her inordinate delay in seeking to add new injuries, and the plaintiff's medical affidavit failed to sufficiently establish a nexus between the new injuries and the plaintiff's accident. Accordingly, the Supreme Court improvidently exercised its

discretion in granting the plaintiff leave to serve an amended bill of particulars (*see, Kyong Hi Wohn v County of Suffolk, supra*). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.