■ SAMUEL BARRERA, Respondent, v CITY OF NEW YORK et al., Defendants, and THOMAS WILLIAMS et al., Appellants. (And a Third-Party Action.) [697 NYS2d 132] —In an action, *inter alia,* to recover damages for personal injuries, the defendants Thomas Williams, New York City Housing Department of Police, and New York City Housing Authority Department of Police appeal from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated July 23, 1998, as granted that branch of the plaintiff's cross motion which was to amend his bill of particulars.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the cross motion which was to amend the bill of particulars is denied.

The plaintiff, Samuel Barrera, was a passenger in a vehicle which was struck in the rear by a vehicle owned by the New York City Housing Department of Police. The accident occurred in February 1995, and the plaintiff commenced the instant action in April 1996. In the original bill of particulars served in June 1996, the plaintiff alleged that he suffered, *inter alia*, neck and back sprains.

During his deposition in July 1997 the plaintiff testified that he had previously injured his back in an automobile accident in 1992. The defendant Thomas Williams and the defendants New York City Housing Department of Police and New York City Housing Authority Department of Police (hereinafter referred to collectively as the Housing defendants) subsequently served a discovery notice for the plaintiff's medical records relating to the 1992 accident, and for the transcripts of depositions in a personal injury action he commenced based on the 1992 accident. The plaintiff failed to comply with that discovery request but responded, in part, that the treatment for the injuries he sustained in 1992 was not relevant to the 1995 accident.

In December 1997 the plaintiff filed a note of issue alleging that all discovery had been completed. However, when the Housing defendants moved to vacate the note of issue, the plaintiff stipulated to provide the requested information regarding the 1992 accident. Upon the plaintiff's failure to timely comply with the stipulation, the Housing defendants moved to dismiss the complaint.

The plaintiff cross-moved in May 1998, *inter alia*, to supplement or amend his bill of particulars so as to add injuries not mentioned in the original bill of particulars, such as annular bulges of his lumbar spine at L3-4 and L4-5 and cervical disc herniation at C5-6 and C6-7, and to include a claim that the accident caused "aggravation/exacerbation of a prior injury and/or condition". The Supreme Court granted that branch of the cross motion, and the Housing defendants appeal.

Contrary to the plaintiff's contention on appeal, he was not entitled under CPLR 3043 (b) to serve the second bill of particulars as of right. A supplemental bill of particulars may be served without leave of court provided that no new cause of action is alleged or new injury claimed. The plaintiff contends that the second bill of particulars did not allege new injuries but merely described the continuing consequences of the

injuries alleged in the original bill of particulars (*see, Tate v Colabello,* 58 NY2d 84, 87; *Pauling v Glickman,* 232 AD2d 465). This contention is without merit, however, as the additional injuries listed in the second bill of particulars predated the 1995 accident. Reports made in June 1992, regarding magnetic resonance imaging tests performed on the plaintiff's spine noted annular bulges at L3-4 and L4-5 and herniated discs at C5-6 and C6-7, and a 1992 chiropractor's report noted many of the same physical conditions included in the second bill of particulars. Furthermore, the allegation in the second bill of particulars that the injuries allegedly sustained in the 1995 accident aggravated a prior condition presents a new theory not raised either in the complaint or in the original bill of particulars. Accordingly, the plaintiff was not entitled to serve the second bill of particulars after the note of issue was filed without leave of the court (*see,* CPLR 3042 [b]).

The Supreme Court improvidently exercised its discretion in granting leave to amend. The plaintiff failed to offer a reasonable excuse for his delay in seeking to amend the bill of particulars until over three years after the accident and after the note of issue was filed (*see, Orros v Yick Ming Yip Realty,* 258 AD2d 387; *Kyong Hi Wohn v County of Suffolk,* 237 AD2d 412; *Volpe v Good Samaritan Hosp.,* 213 AD2d 398). The amendment, if permitted, would require the Housing defendants to reorient the defense strategy, as the plaintiff initially maintained that the 1992 injuries were irrelevant to the instant action (*see, Markarian v Hundert,* 262 AD2d 369; *Daud v Forest & Garden Apts. Co.,* 178 AD2d 578). In addition, the plaintiff failed to provide a medical affidavit to establish the merits of his new theory that the 1995 accident aggravated the injuries he sustained in 1992 (*see, Smith v Plaza Transp. Ambulance Serv.,* 243 AD2d 555; *Kyong Hi Wohn v County of Suffolk, supra*). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.