■ MICHAEL DeNICOLA et al., Respondents, v MARY IMMACULATE HOSPITAL et al., Defendants, and ALCIDES C. POMINA et al., Appellants. (And a Third-Party Action.) [708 NYS2d 152] —In an action to recover damages for medical malpractice, etc., the defendants Alcides C. Pomina and George Soffin appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated June 9, 1999, as denied those branches of their motion which were to strike the plaintiffs' "supplemental verified bill of particulars" and to direct the plaintiffs to serve a further bill of particulars.

Ordered that the order is reversed insofar as appealed from, with costs, those branches of the motion are granted, the plaintiffs' supplemental verified bill of particulars is stricken, and the plaintiffs are directed to serve a further bill of particulars.

The document the plaintiffs denominated a "supplemental verified bill of particulars" was in fact an amended bill of particulars, since it sought to add new injuries (*see, Kyong Hi Wohn v County of Suffolk,* 237 AD2d 412). While leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise, when leave to amend a bill of particulars is sought on the eve of trial, judicial discretion should be exercised in a "discreet, circumspect, prudent and cautious" manner (*Price v Brody,* 7 AD2d 204, 206). Moreover, where there has been an inordinate delay in seeking leave to amend, the plaintiffs must establish a reasonable excuse for the delay and submit an affidavit to establish the merits of the proposed amendment (*see, Kyong Hi Wohn v County of Suffolk, supra*).

The alleged medical malpractice giving rise to this action occurred in 1991, and the action was commenced in 1993. The original bills of particulars were served in 1993, and the so-called "supplemental verified bill of particulars" was served in 1998. The supplemental verified bill of particulars alleged as additional injuries, *inter alia,* that the injured plaintiff's right leg had been amputated above the knee. Although the amputation occurred in 1994, the injured plaintiff failed to offer a reasonable excuse for his delay in seeking to add it as a new injury until 1998. Moreover, the injured plaintiff failed to submit a medical affidavit establishing a nexus between the new injury and the alleged malpractice (*see, Kyong Hi Wohn v County of Suffolk, supra*). Under these circumstances, the Supreme Court improvidently exercised its discretion in denying that branch of appellants' motion which was to strike the supplemental verified bill of particulars.

The appellants' respective demands for a verified bill of particulars sought, in Item No. 2, particularization of the appellants' alleged acts of malpractice. The plaintiffs' identical response for each appellant was vague, unnecessarily broad, and improper. The plaintiffs must therefore serve a further bill of particulars distinguishing between the alleged acts of the appellants (*see, Berger v Feinerman,* 203 AD2d 407). Altman, J. P., Friedmann, McGinity and Smith, JJ., concur.