■ HYACINTH DANNE, Appellant, v OTIS ELEVATOR CORPORATION, Defendant, and CUSHMAN & WAKEFIELD, INC., Respondent. [714 NYS2d 316] —In an action to recover damages for personal injuries, the plaintiff appeals, (1) as limited by her brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated June 17, 1999, as denied those branches of her motion which were (a) to compel the defendant Cushman & Wakefield, Inc., to accept her second supplemental bill of particulars, and (b) to preclude the defendant Cushman & Wakefield, Inc.'s expert from testifying, and (2) from so much of an order of the same court, dated October 12, 1999, as, in effect, denied her motion for reargument and renewal.

Ordered that the appeal from so much of the order dated June 17, 1999, as denied that branch of the plaintiff's motion which was to preclude the plaintiff's expert from testifying is dismissed; and it is further,

Ordered that the order dated June 17, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the appeal from so much of the order dated October 12, 1999, as denied reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 12, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Contrary to the plaintiff's contention, her self-labeled "second supplemental bill of particulars", was in reality an amended bill of particulars, as it sought to add new injuries and a new category of damages (*see, Kyong Hi Wohn v County of Suffolk,* 237 AD2d 412; *Pearce v Booth Mem. Hosp.,* 152 AD2d 553, 554). While leave to amend a bill of particulars is ordinarily to be freely granted in the absence of prejudice and surprise, it is well settled that when leave to amend is sought on the eve of trial, judicial discretion should be exercised sparingly (*see, Smith v Plaza Transp. Ambulance Serv.,* 243 AD2d 555; *Kyong Hi Wohn v County of Suffolk, supra*). Moreover, where there has been an inordinate delay in seeking to amend, the plaintiff must establish a reasonable excuse for the delay and submit an affidavit to establish the merits of the proposed amendment (*see, Smith v Plaza Transp. Ambulance Serv., supra; Volpe v Good Samaritan Hosp.,* 213 AD2d 398).

The plaintiff, upon her motion after the liability phase of the trial, failed to provide a reasonable excuse for the delay, and did not provide an affidavit of merit in support of the proposed amendments. Thus, the Supreme Court providently exercised its discretion in denying her motion (*see, Smith v Plaza Transp. Ambulance Serv., supra; Kyong Hi Wohn v County of Suffolk, supra*).

The plaintiff contends that the Supreme Court erred in denying that branch of her motion which was to preclude the testimony of the defendant's expert. However, such an evidentiary ruling, even when "made in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Cotgreave v Public Adm'r of Imperial County,* 91 AD2d 600, 601).

The plaintiff's remaining contention is without merit. S. Miller, J. P., Friedmann, Luciano and Schmidt, JJ., concur.