■ DEBORAH DALRYMPLE et al., Appellants, v JOSEPH R. KOKA et al., Respondents. [744 NYS2d 427] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered February 13, 2001, as granted the defendants' motion to strike portions of the plaintiffs' second supplemental bill of particulars, and (2) from an order of the same court, dated April 18, 2001, which denied their motion which was, in effect, for leave to reargue, or in the alternative, inter alia, for leave to serve the second supplemental bill of particulars, together with the stricken portions thereof, in the form of an amended bill of particulars.

Ordered that the appeal from so much of the order dated April 18, 2001, as denied that branch of the motion which was, in effect, for leave to reargue, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered February 13, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that so much of the order dated April 18, 2001, as denied that branch of the plaintiffs' motion which was for leave to serve the second supplemental bill of particulars, together with the stricken portions thereof, in the form of an amended bill of particulars is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court correctly granted the defendants' motion to strike portions of the plaintiffs' second supplemental bill of particulars. The plaintiffs alleged new theories of liability and new injuries that were not previously set forth in the original bill of particulars (*see Tate v Colabello,* 58 NY2d 84, 86-87; *Barrera v City of New York,* 265 AD2d 516, 517-518; *Mazzilli v City of New York,* 154 AD2d 355, 356-357; *cf. Pauling v Glickman,* 232 AD2d 465, 466).

The Supreme Court correctly denied that branch of the plaintiffs' motion which was for leave to serve the second supplemental bill of particulars, together with the stricken portions thereof, in the form of an amended bill of particulars. Leave to amend a bill of particulars is ordinarily freely given in the absence of prejudice or surprise (*see DeNicola v Mary Immaculate Hosp.,* 272 AD2d 505, 506; *Smith v Plaza Transp. Ambulance Serv.,* 243 AD2d 555). Here, however, the new al-

legations of medical malpractice set forth in the second supplemental bill of particulars resulted in prejudice and surprise to the defendants. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs leave to serve the second supplemental bill of particulars. Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.