■ CARMELLA ROMANELLO, Appellant, v BARRY JASON, Respondent, et al., Defendant. [756 NYS2d 657] —In an action to recover damages for dental malpractice, the plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 14, 2002, as denied her cross motion for leave to amend her bill of particulars, and (2) an order of the same court, dated May 14, 2002, which denied her motion for leave to renew and reargue.

Ordered that the appeal from so much of the order dated May 14, 2002, as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 14, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 14, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

This action to recover damages for dental malpractice was commenced on November 3, 1999. The plaintiff served a verified bill of particulars which alleged malpractice in 1997, 1998, and 1999. Ten months after the note of issue was filed, the plaintiff served an additional bill of particulars which included claims of negligent treatment for the years 1990 through 1996, and added additional theories of liability and damages.

Once a note of issue has been filed, a plaintiff may not serve an amended bill of particulars without obtaining leave of the court (*see* CPLR 3042 [b]; *Barrera v City of New York,* 265 AD2d 516, 518 [1999]). Leave should be freely given in the absence of prejudice or surprise to the opposing party (*see Barrera v City of New York, supra; Smith v Plaza Transp. Ambulance Serv.,* 243 AD2d 555 [1997]; *Kyong Hi Wohn v County of Suffolk,* 237 AD2d 412 [1997]; *Volpe v Good Samaritan Hosp.,* 213 AD2d 398 [1995]). Moreover, when a plaintiff has been guilty of an extended delay in moving to amend, he or she must provide a reasonable excuse for the delay in making the motion and the merits thereof (*see Volpe v Good Samaritan Hosp., supra*). Here, the plaintiff failed to do so.

An action to recover damages for dental malpractice falls within the 2½ year statute of limitations (*see* CPLR 214-a). Thus, the plaintiff was required to establish the doctrine of continuous treatment in order to expand the bill of particulars to include events preceding May 3, 1997 (*see* CPLR 214-a). The Supreme Court properly found that the plaintiff could not amend her bill of particulars on the basis of the continuous

treatment doctrine where she failed to establish a nonconclusory connection between a current injury and specific acts of the defendant Jason (*see Lane v Feinberg,* 293 AD2d 654, 655 [2002]; *Juba v Bachman,* 255 AD2d 492, 493 [1998]; *Iazzetta v Vicenzi,* 200 AD2d 209, 212 [1994]; *Wehle v Giovanniello,* 137 AD2d 680 [1988]).

That branch of the plaintiff's motion which was for leave to renew was properly denied (*see Malik v Campbell,* 289 AD2d 540, 541 [2001]; *Good Samaritan Hosp. Med. Ctr. v Ruscito,* 287 AD2d 538, 539 [2001]; *Palmer v Toledo,* 266 AD2d 268, 269 [1999]).

The plaintiff's remaining contentions are without merit. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.