■ JEANNETTE SPADA et al., Appellants, v CELESTINO SEPULVEDA et al., Respondents, et al., Defendants. [760 NYS2d 338] —In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Dillon, J.), dated May 17, 2002, which, among other things, denied their application for leave to serve an amended bill of particulars.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The order appealed from did not determine a motion made on notice and therefore is not appealable as of right (*see* CPLR 5701 [a] [2]; *Sena v Nationwide Mut. Fire Ins. Co.,* 198 AD2d 345 [1993]). However, under the particular facts presented, we deem the notice of appeal to be an application for leave to appeal, and grant the application in the interest of justice (*see e.g. Sena v Nationwide Mut. Fire Ins. Co., supra*).

While leave to amend a bill of particulars is generally to be freely given absent prejudice or surprise (*see* CPLR 3025 [b];

*Torres v Educational Alliance,* 300 AD2d 469 [2002]), where the application is made on the eve of trial, leave should be granted sparingly (*see Smith v Plaza Transp. Ambulance Serv.,* 243 AD2d 555 [1997]). In addition, when there has been an inordinate delay seeking the amendment, the plaintiff must show a reasonable excuse for the delay and must also submit an affidavit to establish the merits of the proposed amendment (*see Smith v Plaza Transp. Ambulance Serv., supra*). The plaintiffs failed to provide a reasonable excuse for the delay and did not provide an affidavit of merit in support of their proposed amended bill of particulars (*see Torres v Educational Alliance, supra; Barrera v City of New York,* 265 AD2d 516 [1999]).

The plaintiffs' remaining contentions are without merit. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.