■ GLADYS DIMINO et al., Appellants, v NATHAN S. ROSENFELD et al., Respondents. [760 NYS2d 859] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated June 4, 2002, which denied their motion, in effect, for leave to amend their bill of particulars to assert a

claim of an illegal fee-splitting arrangement in violation of Education Law § 6509-a and 8 NYCRR 29.1.

Ordered that the order is affirmed, with costs.

Leave to amend a bill of particulars ordinarily is to be freely given in the absence of prejudice or surprise. When leave to amend a bill of particulars is sought on the eve of trial, however, judicial discretion should be exercised in a "discreet, circumspect, prudent and cautious" manner (*Price v Brody,* 7 AD2d 204, 206 [1959]). Moreover, where there has been an inordinate delay in seeking leave to amend, the plaintiffs must establish a reasonable excuse for the delay and submit an affidavit to establish the merits of the proposed amendment (*see Reape v City of New York,* 272 AD2d 533 [2000]; *DeNicola v Mary Immaculate Hosp.,* 272 AD2d 505, 506 [2000]).

Here, the plaintiffs, in effect, sought leave to amend their bill of particulars to assert a claim of an illegal fee-splitting arrangement after a mistrial of the action. They claimed that they learned of the alleged illegal arrangement for the first time during the trial. The Supreme Court providently exercised its discretion in denying the motion. Contrary to the plaintiffs' argument, the record does not support their contention that there was any illegal fee-splitting arrangement. In addition, given the lateness of the request, the defendants would clearly be prejudiced if the amendment were allowed. Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.