■ MARGARET DANIEL, as Administrator of the Estate of THEADWARD DANIEL, JR., Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [777 NYS2d 492]—

Order, Supreme Court, Bronx County (Jerry L. Crispino, J.), entered January 30, 2003, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary

judgment dismissing plaintiff administrator's cause of action for wrongful death to the extent of dismissing the claim made on behalf of all distributees for loss of inheritance and the claim made on behalf of decedent's daughter for loss of voluntary support, and denied plaintiff's cross motion to serve an amended bill of particulars adding claims on behalf of decedent's two sons for loss of guidance, and order, same court and Justice, entered July 17, 2003, which, insofar as appealable, denied plaintiff's motion to renew, unanimously modified, on the law, to reinstate the distributees' claim for loss of inheritance and the daughter's claim for loss of voluntary support, and otherwise affirmed, without costs.

The claim for loss of inheritance should not have been dismissed given evidence that decedent was earning income at the time of his death and had a life expectancy of 25 to 30 years, and absent evidence as to what extent, if any, decedent's ailments shortened his work-life expectancy. While plaintiff's demand seems exaggerated, calculation of the inheritance lost is a question of fact for the trier of fact (*see Parilis v Feinstein,* 49 NY2d 984 [1980]). Similarly, the daughter's claim for loss of voluntary support, first raised in plaintiff's supplemental bill of particulars, should not have been dismissed as belated and for lack of proof where plaintiff had testified to such support at her General Municipal Law § 50-h hearing and then again at her deposition shortly after service of her supplemental bill of particulars (General Municipal Law § 50-e [6]), and defendants failed to make a prima facie showing that the daughter could not have expected any support (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). However, as there was no similar testimony by plaintiff concerning the guidance allegedly lost by decedent's two emancipated sons, the claims plaintiff now seeks to interpose on their behalf, first proposed after her filing of a note of issue and certificate of readiness, were properly rejected (*see Danne v Otis El. Corp.,* 276 AD2d 581 [2000]). Concur—Buckley, P.J., Tom, Mazzarelli, Sullivan and Ellerin, JJ.