■ FRANK HASTIE et al., Respondents, v MIDWAY NURSING HOME, Appellant. (And a Third-Party Action.) [779 NYS2d 223]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated June 12, 2003, as granted the plaintiffs' cross motion for leave to serve an amended bill of particulars.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the cross motion is denied.

On October 20, 1997, the plaintiff Frank Hastie, an elevator mechanic employed by the third-party defendant, allegedly was injured when the doors of the elevator which he had repaired closed on him. At issue is whether the Supreme Court improvidently exercised its discretion in granting the plaintiffs leave to serve a sixth verified bill of particulars after a note of issue had been filed.

The sixth verified bill of particulars altered the theory of liability by asserting that the defendant had notice that the electric eye of the subject elevator was not working properly. This amendment was based upon records provided to the plaintiffs' counsel approximately $3^1/_2$ years earlier.

In view of the extensive delay in seeking leave to serve a sixth amended bill of particulars, the plaintiffs were required to provide a reasonable excuse for the delay and evidence of merit (*see Smith v Plaza Transp. Ambulance Serv.*, 243 AD2d 555 [1997]; *Volpe v Good Samaritan Hosp.*, 213 AD2d 398 [1995]). The record contains neither. Under these circumstances, it was an improvident exercise of discretion for the Supreme Court to grant the plaintiffs' cross motion. Ritter, J.P., Goldstein, Crane and Spolzino, JJ., concur.