■ OLGA ARGUINZONI, Appellant, v PARKWAY HOSPITAL et al., Respondents. [789 NYS2d 317]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Satterfield, J.), dated January 5, 2004, which denied her motion for leave to serve an "amended supplemental" bill of particulars as to each defendant, and (2), as limited by her brief, from so much of an order of the same court dated July 9, 2004, as, upon granting the motion of the defendant Association of University Physicians to clarify the order dated January 5, 2004, and an order of the same court dated August 8, 2003, amended the order dated August 8, 2003, by, in effect, deleting the provision thereof denying those branches of the defendants' motions which were to strike the plaintiff's expert disclosure pursuant to CPLR 3101 (d) and substituting therefor a provision granting those branches of those motions.

Ordered that the order dated January 5, 2004, is affirmed; and it is further,

Ordered that the order dated July 9, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to serve an "amended supplemental" bill of particulars as to each defendant, asserting new theories of liability. The plaintiff failed to present a reasonable excuse for her inordinate delay in making the motion (see *Hastie v Midway Nursing Home,* 8 AD3d 532, 533 [2004]; *Fuentes v City of New York,* 3 AD3d 549, 550 [2004]; *Rosse-Glickman v Beth Israel Med. Ctr.-Kings Highway Div.,* 309 AD2d 846 [2003]; *Smith v Plaza Transp. Ambulance Serv.,* 243 AD2d 555 [1997]; *Rosa v Westchester County Med. Ctr.,* 233 AD2d 311 [1996]), and a physician's affirmation, improperly submitted for the first time with the plaintiff's reply papers, failed to establish a causal connection between the new theories of liability

and the plaintiff's injuries (*see Smith v Plaza Transp. Ambulance Serv., supra; Simino v St. Mary's Hosp. of Brooklyn, Catholic Med. Ctr. of Brooklyn & Queens,* 107 AD2d 800 [1985]).

The Supreme Court providently granted the motion of the defendant Association of University Physicians to clarify two of the court's prior orders. Upon granting the motion to clarify, the Supreme Court providently amended the order dated August 8, 2003, by, in effect, deleting the provision thereof denying those branches of the defendants' prior motions which were to strike the plaintiff's expert disclosure pursuant to CPLR 3101 (d) and substituting therefor a provision granting those branches of the motions because the proposed testimony exceeded the bounds of the allegations in the plaintiff's bill of particulars (*see Palchik v Eisenberg,* 278 AD2d 293, 294 [2000]; *Ciriello v Virgues,* 156 AD2d 417, 419 [1989]). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.