■ Susan Dahlin, Respondent, v Sarah J. Paladino et al., Appellants. [789 NYS2d 305]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated March 19, 2004, as granted that branch of the plaintiff's motion which was for leave to renew that branch of her prior motion which was for leave to amend her bill of particulars, which had been denied in an order of the same court dated November 24, 2003, and, upon renewal, granted that branch of the plaintiff's prior motion which was for leave to amend her bill of particulars.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, that branch of the plaintiff's motion which was for leave to renew is denied, and so much of the order dated November 24, 2003, as denied that branch of the plaintiff's motion which was for leave to amend her bill of particulars is reinstated.

The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to renew that branch of her prior motion which was for

leave to amend her bill of particulars. The plaintiff failed to present "new facts" and a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Gallagher v Daniella's Rest.,* 6 AD3d 659 [2004]; *Morrison v Rosenberg,* 278 AD2d 392 [2000]).

Moreover, upon renewal, the Supreme Court erred in granting that branch of the plaintiff's motion which was for leave to amend her bill of particulars. On the eve of trial, the plaintiff served the defendants with a "supplemental" bill of particulars asserting for the first time a claim of lost earnings that had already accrued and future economic losses. In subsequently moving for leave to amend her bill of particulars to include these new claims, the plaintiff failed to offer a reasonable excuse for her inordinate delay in seeking to add them, and failed to provide an affidavit establishing the merits of these claims (*see Hastie v Midway Nursing Home,* 8 AD3d 532, 533 [2004]; *Fuentes v City of New York,* 3 AD3d 549, 550 [2004]; *Rosse-Glickman v Beth Israel Med. Ctr.-Kings Highway Div.,* 309 AD2d 846 [2003]; *Smith v Plaza Transp. Ambulance Serv.,* 243 AD2d 555 [1997]). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.