■ Issam Elder, Appellant, v David Elder, Defendant, and John Palanca, Respondent. [802 NYS2d 457]—

In an action, inter alia, for a judgment declaring that the plaintiff is the owner of a certain parcel of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated July 3, 2003, as denied that branch of his motion which was for leave to renew his motion to stay enforcement proceedings in a related action entitled *Palanca v Elder*, pending in the Supreme Court, Kings County, under index No. 14619/99, which was determined by order of the same court dated May 17, 2002.

Ordered that the order is affirmed insofar as appealed from, with costs.

" '[A] motion for leave to renew must be supported by new or additional facts which, although in existence at the time of [the] prior motion, were not made known to the party seeking renewal, and consequently, not made known to the court' " (*Matter of Progressive Northeastern Ins. Co. v Frenkel*, 8 AD3d 390, 391 [2004], quoting *Brooklyn Welding Corp. v Chin*, 236 AD2d 392 [1997]). The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew since it was based on evidence that, with due diligence, could have been discovered earlier (*see Kaufman v Kunis*, 14 AD3d 542 [2005]; *Dahlin v Paladino*, 14 AD3d 647 [2005]; *Yarde v New York City Tr. Auth.*, 4 AD3d 352 [2004]).

Moreover, "[t]o the extent that the new materials were matters of public record available before the court issued its decision . . . they could not serve as a proper basis for a motion to renew" (*Welch Foods v Wilson*, 247 AD2d 830, 831 [1998]). A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (*see Renna v Gullo*, 19 AD3d 472 [2005]; *Rubinstein v Goldman*, 225 AD2d 328 [1996]; *Hart v*

*City of New York,* 5 AD3d 438 [2004]). The appellant failed to offer a reasonable justification as to why the proffered evidence was not submitted at the time of the prior motion. Accordingly, that branch of the motion which was for leave to renew was properly denied. Adams, J.P., Krausman, Fisher and Lifson, JJ., concur.