■ Gregoire Siegel et al., Appellants, v Indian Head Canoes, Inc., Respondent. [816 NYS2d 113]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated June 6, 2005, as denied their motion for leave to supplement their bill of particulars by including a claimed violation of the New York State Building Code.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

This action was commenced on October 23, 2002 by filing of the plaintiffs' summons and verified complaint, in which the plaintiffs asserted (1) a cause of action to recover damages for negligence based upon injuries allegedly sustained by the plaintiff Gregoire Siegel while the plaintiffs were vacationing at the defendant's camp, and (2) a derivative cause of action of the plaintiff Meredith Siegel.

Issue was joined by service of the defendant's answer on January 9, 2003. With its answer, the defendant served a demand for a bill of particulars and various discovery demands.

The plaintiffs served a verified bill of particulars dated March 4, 2003, which alleged the theory of negligence and referred, inter alia, to the defendant's use of nonsafety glass in the cabin door in which the plaintiff had injured his hand. The plaintiffs served an amended verified bill of particulars dated June 4, 2003 repeating the allegations concerning the type of glass in the door but altering the wording of the description of how the accident occurred. On February 25, 2004 the plaintiffs filed a note of issue.

The plaintiffs served a "supplemental verified bill of particulars" dated September 20, 2004, which, for the first time, alleged a violation of General Business Law § 389. The plaintiffs then served a "corrected supplemental verified bill of particulars" dated October 6, 2004, to correct a typographical error in their September 20, 2004 supplemental verified bill.

On October 7, 2004 counsel for the defendant rejected the plaintiffs' "supplemental verified bill of particulars." In response, the plaintiffs filed their first motion for leave to serve a second amended verified bill of particulars the chief purpose of which, according to the plaintiffs, was simply to add "a statutory name," to wit, General Business Law § 389, to the allegations already made. The defendant opposed the motion noting, inter alia, the history of the prior bills of particulars and the fact that the action was on the trial calendar. By order dated November 22, 2004, the Supreme Court granted the plaintiffs' motion.

In March 2005 the plaintiffs interposed the motion under review only a few days prior to the action's scheduled trial date.

Under the circumstances of this case, reflecting an extensive history of changes, supplements, corrections, and amendments, the Supreme Court providently exercised its discretion in denying the plaintiffs' eve-of-trial motion (*see Danne v Otis El. Corp.,*

276 AD2d 581 [2000]; *Dahlin v Paladino,* 14 AD3d 647 [2005]; *Arguinzoni v Parkway Hosp.,* 14 AD3d 633 [2005]). Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.