■ Rosa Mercado et al., Appellants, v Edward Moss et al., Respondents, et al., Defendant. [824 NYS2d 745]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated December 12, 2005, as denied those branches of their motion which were for leave to serve a second amended bill of particulars and to assert a claim based on an alleged failure to perform a nephrosonogram.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for leave to assert a claim based on an alleged failure to perform a nephrosonogram, and substituting therefor a provision denying that branch of the motion as unnecessary; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to serve a second amended bill of particulars asserting new theories of liability and new injuries. The plaintiffs failed to present a reasonable excuse for their inordinate delay in making the motion (*see Arguinzoni v Parkway Hosp.*, 14 AD3d 633 [2005]; *Hastie v Midway Nursing Home*, 8 AD3d 532, 533 [2004]; *Markarian v Hundert*, 262 AD2d 369 [1999]; *Davidian v County of Nassau*, 175 AD2d 908 [1991]). In any event, the plaintiffs' physician's affidavit of merit failed to establish the merit of the new theories or a causal connection with the newly-claimed injuries (*see Arguinzoni v Parkway Hosp., supra; Hastie v Midway Nursing Home, supra; Fuentes v City of New York*, 3 AD3d 549, 550 [2004]; *Smith v Plaza Transp. Ambulance Serv.*, 243 AD2d 555 [1997]).

However, that branch of the plaintiffs' motion which was for leave to assert a claim based on the defendants' alleged failure to perform a nephrosonogram should have been denied as unnecessary since this claim had been timely particularized in the original and amended bills of particulars. Florio, J.P., Schmidt, Santucci and Lunn, JJ., concur.