■ FRANCISCO SALGADO et al., Appellants, v TOWN SPORTS INTERNATIONAL, Doing Business as NEW YORK SPORTS CLUB, et al., Respondents. [901 NYS2d 325]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered March 17, 2009, as granted the defendants' motion to strike their "first supplemental and amended" bill of particulars dated August 15, 2008, and "further supplemental" bill of particulars dated August 29, 2008, and denied those branches of their cross motion which were to compel the defendants to comply with two notices to produce, and (2) so much of an order of the same court entered September 3, 2009, as, upon renewal and reargument, adhered to the original determination in the order entered March 17, 2009, and denied those branches of their motion which were for sanctions pursuant to CPLR 3126, to strike the answer based on the spoliation of evidence, and for leave to serve an amended complaint and an "amended and supplemental" bill of particulars.

Ordered that the appeal from the order entered March 17, 2009, is dismissed, as that order was superseded by the order entered September 3, 2009, made upon renewal and reargument; and it is further,

Ordered that the order entered September 3, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court properly granted the defendants' motion to strike the plaintiffs' "first supplemental and amended" bill of particulars dated August 15, 2008, and "further supplemental" bill of particulars dated August 29, 2008, because they were served without leave of the court after the note of issue had been filed and thus were nullities (see CPLR 3042 [b]; Romanello v Jason, 303 AD2d 670 [2003]; Bartkus v New York Methodist Hosp., 294 AD2d 455 [2002]). The court properly denied that branch of the plaintiffs' cross motion which was to compel the defendants to comply with notices to produce served after the note of issue was filed, because the plaintiffs failed to show "unusual or unanticipated circumstances" and substantial prejudice (see 22 NYCRR 202.21 [d]; Newell v Hirsch, 65 AD3d 1108, 1109 [2009]). Contrary to the plaintiffs' contention, the parties' stipulation did not entitle them to serve an amended bill of particulars and reopen discovery without limitation. The Supreme Court, upon granting that branch of the plaintiffs' motion which was for leave to renew and reargue the order entered March 17, 2009, properly adhered to its original determination.

Under the circumstances of this case, the Supreme Court

properly denied that branch of the plaintiffs' motion which was for leave to serve an "amended and supplemental" bill of particulars, especially since the proposed bill exceeded what could have properly been included in the original bill of particulars (see CPLR 3042 [b]; *Jones v LeFrance Leasing Ltd. Partnership*, 61 AD3d 824, 825 [2009]; *Castleton v Broadway Mall Props., Inc.*, 41 AD3d 410, 411 [2007]; *Geller v Port Jefferson Obstetrics & Gynecology*, 294 AD2d 537 [2002]; cf. *Reitman v St. Francis Hosp.*, 2 AD3d 429 [2003]). The Supreme Court also providently exercised its discretion in denying leave to serve the proposed amended and supplemental bill of particulars, as well as an amended complaint dated March 16, 2009, because the plaintiffs failed, inter alia, to show a reasonable excuse for their extended delay in moving for leave (see *Surgical Design Corp. v Correa*, 31 AD3d 744, 745 [2006]; *Krioutchkova v Gaad Realty Corp.*, 28 AD3d 427, 428 [2006]; *Romanello v Jason*, 303 AD2d 670 [2003]).

The plaintiffs' remaining contentions are without merit. Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.