Kirk v Nahon (2018 NY Slip Op 02604)





Kirk v Nahon


2018 NY Slip Op 02604


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-00443
 (Index No. 5069/15)

[*1]James Kirk, appellant, 
v
Isaac Nahon, et al., respondents.


Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP, New York, NY (Jill B. Savedoff of counsel), for appellant.
Sette & Apoznanski (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered November 30, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was, in effect, to strike the plaintiff's second and third supplemental bills of particulars.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries allegedly sustained by him after his vehicle was hit in the rear by the defendants' vehicle. The bill of particulars and supplemental bill of particulars alleged various injuries to the plaintiff's back, neck, and knee. The plaintiff later served what he denominated a "second supplemental bill of particulars," which alleged "consequential stroke," and thereafter, a "third supplemental bill of particulars," which amplified the allegations as to the stroke. The plaintiff had previously represented at his deposition that there was no causal connection between the stroke he suffered and the accident. The defendants moved, inter alia, in effect, to strike the second and third supplemental bills of particulars. The Supreme Court granted those branches of the motion, and the plaintiff appeals.
Contrary to the plaintiff's contention, the documents he denominated the "second [*2]supplemental bill of particulars" and "third supplemental bill of particulars" were, in reality, amended bills of particulars, as they sought to add new injuries (see CPLR 3403[b]; Fuentes v City of New York, 3 AD3d 549, 550; Danne v Otis El. Corp., 276 AD2d 581, 582; DeNicola v Mary Immaculate Hosp., 272 AD2d 505, 506; Kyong Hi Wohn v County of Suffolk, 237 AD2d 412). While leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise, here, the plaintiff failed to establish the absence of prejudice or surprise to the defendants, and failed to adequately explain the delay in seeking to add the new injuries (see Rodgers v New York City Tr. Auth., 109 AD3d 535, 537).
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was, in effect, to strike the second and third supplemental bills of particulars.
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court