JPMorgan Chase Bank, N.A. v Lee (2020 NY Slip Op 04544)





JPMorgan Chase Bank, N.A. v Lee


2020 NY Slip Op 04544


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-01326
 (Index No. 9767/09)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Kenneth Lee, appellant, et al., defendants.


Kenneth Lee, Woodmere, NY, appellant pro se.
Bonchonsky & Zaino LLP, Garden City, NY (Petere R. Bonchonsky of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kenneth Lee appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 21, 2016. The order denied that defendant's motion for leave to renew and reargue his prior motion to vacate a judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him, which had been denied in an order of the same court entered March 23, 2016.
ORDERED that the appeal from so much of the order entered November 21, 2016, as denied that branch of the motion of the defendant Kenneth Lee which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered November 21, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The denial of a motion for leave to reargue is not appealable (see Coque v Wildflower Estates Developers, Inc., 31 AD3d 484) and, therefore, the appeal by the defendant Kenneth Lee (hereinafter the defendant) from so much of the order as denied that branch of his motion which was for leave to reargue must be dismissed.
We agree with the Supreme Court's determination to deny that branch of the defendant's motion which was for leave to renew. "A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination and must contain reasonable justification for the failure to present such facts on the prior motion" (JPMorgan Chase Bank, N.A. v Novis, 157 AD3d 776, 777). Here, the new evidence that the defendant sought to introduce in support of his motion to renew consisted of public records that were in existence at the time the prior motion was made, and the defendant did not present a reasonable justification for failing to present them at that time (see Elder v Elder, 21 AD3d 1055).
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court