Pitt v Hague Corp. (2021 NY Slip Op 00730)





Pitt v Hague Corp.


2021 NY Slip Op 00730


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


881 CA 20-00276

[*1]VERONICA PITT, PLAINTIFF-RESPONDENT,
T
v
HE HAGUE CORPORATION AND FLAUM MANAGEMENT COMPANY, INC., DEFENDANTS-APPELLANTS. 






THE CHARTWELL LAW OFFICES, LLP, NEW YORK CITY (JARETT L. WARNER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
FINUCANE & HARTZELL, LLP, PITTSFORD (LEO G. FINUCANE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (James J. Piampiano, J.), dated July 5, 2019. The order granted plaintiff's motion for, inter alia, leave to serve an amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action in 2016, seeking damages for injuries that she allegedly sustained when she slipped in water that leaked from a vending machine that was located in a building owned by defendant The Hague Corporation and managed by defendant Flaum Management Company, Inc. Plaintiff was diagnosed in April 2019 with small fiber peripheral neuropathy and ongoing peripheral neuropathic pain causally related to her fall and injury and thereafter moved for, inter alia, leave to amend the complaint to assert a claim of aggravation of a preexisting condition. We reject defendants' contention that Supreme Court abused its discretion in granting that part of plaintiff's motion seeking leave to amend the complaint. Plaintiff established that reasonable cause existed for the delay in asserting a claim that the slip and fall aggravated the preexisting condition. Plaintiff was not experiencing symptoms of the preexisting condition prior to her fall and injury, she was not aware of that condition prior to receiving the diagnosis, and plaintiff sought leave to amend the complaint promptly after her diagnosis, prior to the dates set forth in the fifth amended scheduling order for the completion of discovery and expert disclosure, and before a note of issue was filed (cf. Stewart v Dunkleman, 128 AD3d 1338, 1340 [4th Dept 2015], lv denied 26 NY3d 902 [2015]; Barrera v City of New York, 265 AD2d 516, 518 [2d Dept 1999]).
Defendants contend that they were prejudiced by plaintiff's delay in seeking leave to amend the complaint because plaintiff's new claim of aggravation of a preexisting condition contradicts her initial allegations regarding her injury and is contrary to the law of the case, and thus defendants must revise their defense strategy. We reject that contention. It is well settled that "[l]eave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]; see Scipio v Wal-Mart Stores E., L.P., 100 AD3d 1452, 1453 [4th Dept 2012]), and defendants failed to meet their burden of establishing prejudice or surprise resulting from the delay (see generally Caceras v Zorbas, 74 NY2d 884, 885 [1989]). Prejudice is more than "the mere exposure of the [party] to greater liability" (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981], rearg denied 55 NY2d 901 [1981]). "[T]here must be some indication that the [party] has been hindered in the preparation of [the party's] case or has been prevented from taking some measure in support of [its] position" (id.).
Although plaintiff's diagnosis that the accident aggravated a preexisting condition is new, her symptoms and complaints of pain upon which that diagnosis was based are not new. [*2]Plaintiff's verified bill of particulars, which was filed in September 2016 and included allegations of widespread pain from plaintiff's shoulders to feet, a burning sensation and discoloration in both feet, pain in all four extremities, and disturbed sleep due to pain, is not inconsistent with or contradicted by the new diagnosis. Moreover, at plaintiff's deposition in March 2018, defendants' attorney questioned plaintiff at length about, inter alia, her medical history dating back many years before the fall, her medications, her medical providers, the medical treatment she had received and her ongoing complaints of pain, and plaintiff's testimony is consistent with the allegations in the bill of particulars and is not inconsistent with her new diagnosis (cf. Rodgers v New York City Tr. Auth., 109 AD3d 535, 537 [2d Dept 2013]; Barrera, 265 AD2d at 518).
Furthermore, there is no indication that defendants' preparation of their case was hindered by the amendment or that they were prevented from taking any measure in support of their position (see Loomis, 54 NY2d at 23-24), and it is well settled that an opponent's need for additional discovery or additional time to prepare a defense does not constitute prejudice sufficient to justify denial of a motion to amend the pleadings (see Rutz v Kellum, 144 AD2d 1017, 1018 [4th Dept 1988]; see generally Jacobson v McNeil Consumer & Specialty Pharms., 68 AD3d 652, 654-655 [1st Dept 2009]).
Finally, we reject defendants' contention that the court abused its discretion in refusing to require plaintiff to pay defendants' additional legal fees, travel costs and expert costs arising from the amended complaint (cf. Bernas v Kepner, 36 AD2d 58, 60 [4th Dept 1971]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court